CHANCELLOR LIVINGSTON v. T. McCARTHY, *as Auditor of State.*

MANDAMUS *against State Auditor—Issue of Certificate of Indebtedness.* A peremptory writ of mandamus will not issue against the auditor of state to compel him to issue a certificate of indebtedness, under the provisions of chapter 180, Laws of 1887, where it is shown that one M. claims an interest in said certificate adverse to that of the plaintiff, and that in an action brought by him against the defendant and plaintiff herein the issuance and delivery of said certificate to plaintiff has been enjoined, where it also appears that M. is not made a party or had an opportunity to be heard.

*Original Proceeding in Mandamus.*

THE opinion, filed at the session of the court in February, 1889, states the material facts.

*S. A. Haseltine,* for plaintiff.

*S. B. Bradford,* attorney general, *Geo. J. Barker,* and *Edwin A. Austin,* for defendant.

Opinion by CLOGSTON, C.: This is an action of *mandamus,* brought in this court by Chancellor Livingston against T. McCarthy, as auditor of state of the state of Kansas, to compel him to issue to said Livingston a certificate of indebtedness, under the provisions of chapter 180 of the Laws of 1887. Plaintiff alleges that under the provisions of chapter 103 of the Laws of 1875, there was awarded to plaintiff, for loss sustained by the invasion and burning of Lawrence by guerrillas,

$1,840, and that by chapter 180 of the Laws of 1887 the state of Kansas assumed the payment of said claim; that said auditor was directed and required to issue to claimants whose claims were allowed by said commission, certificates of indebtedness, upon demand, and that plaintiff made due demand for such certificate, but that said auditor had refused to issue the same; to which petition the auditor filed an answer, alleging as a reason for his failure to issue the certificate, as alleged in plaintiff's petition, that he had been restrained by injunction proceedings in the district court of Shawnee county, at the suit of F. W. Marsh against the defendant and plaintiff herein and S. A. Haseltine, and that the said injunction was in full force against defendant, restraining the issuance of said certificate to plaintiff.    Upon these pleadings the cause is submitted.

By the answer the allegations of the petition are admitted, and the only question is, has the auditor set up such an excuse as will prevent the peremptory writ from issuing against him? By the answer the fact is shown that Marsh, the plaintiff in the injunction proceedings, is claiming some right in the certificate in question, adverse to the interest of the plaintiff in this action, and the answer of the defendant sufficiently notifies the plaintiff of what that interest may be.    If Marsh is claiming some interest adverse to the plaintiff, before the peremptory writ of *mandamus* will issue as prayed for, Marsh ought to to be made a party to the action, and the controversy determined between them.    McCarthy, the defendant herein, is but a nominal party to the proceeding, and ought not to be *mulcted* in costs in an action of this character, when there are parties interested who, if made parties to the action, will bear the burden of the defense.    The peremptory writ of *mandamus* only issues where there is a clear legal right on the one hand, and a refusal to perform a lawful duty on the other.    The auditor in his answer shows that he has been enjoined in a suit by Marsh from issuing and delivering the certificate to plaintiff, and we think this is a good defense, and until the parties in interest are brought before the court no peremptory writ will issue. (*Cassatt v. Comm'rs of Barber Co.*, 39 Kas. 505.)

It is recommended that the peremptory writ be denied, and the action dismissed at the cost of the plaintiff.

By the Court: It is so ordered.

All the Justices concurring.