THE BLACKWELL, ENID AND SOUTHWESTERN RAILWAY
COMPANY v. M. L. GIST.

(Filed June 13, 1907.)

1. MUNICIPAL CORPORATIONS—Council—Vacating Streets. The common council of a city of the first class are vested with power to by ordinance vacate streets and alleys whenever in the judgment of the council the same may be necessary or expedient.

2. SAME—Same—Damages. On vacation of a street or alley by ordinance of the common council, all damages sustained by the citizens of the city or owners of property therein must be ascertained by an assessment made by five disinterested householders of the city, and adequate compensation made therefor.

3. SAME—Same—Land Vacated—Title. Whenever any street or alley is vacated, the land embraced in said street or alley at once attaches itself in the nature of an accretion to the adjacent real estate in proportion to the frontage, and becomes private property and cannot be taken for railway or other public uses without just compensation being awarded therefor.

4. SAME—Same—Validity of Ordinance—Estoppel. Where a city council has passed an ordinance vacating a street and a railroad company has entered upon the vacated portion and constructed its railroad upon the same, and the owner of the adjacent lots has taken no steps to prevent the vacation, both parties will be estopped from questioning the validity of the ordinance.

5. SAME—Same—Damages. Where a railroad company, after an ordinance has been passed vacating a street in a city, enters upon the strip of land formerly embraced in the street and appropriates the same or any portion thereof for its right of way without the consent of the adjacent owner, such company is liable in damages for any depreciation of the property of the owner caused by its appropriation of such property.

(Syllabus by the Court.)

*Error from the District Court of Garfield County; before James K. Beauchamp, Trial Judge.*

*Dale & Bierer,* and *J. M. Dodson,* for plaintiff in error.

*Manatt & Sturgis,* and *O. D. Hubbell,* for defendant in error.

Opinion of the court by

BURFORD, C. J.: The defendant in error brought her action in the district court of Garfield county against the plaintiff in error to recover damages for depreciation in value of her property by reason of the vacation and appropriation of the street in front of her lots for railway purposes. The plaintiff below, M. L. Gist, was the owner of lots 1, 2, 3, 4, and 5 in block 3, in that part of the city of Enid platted originally as Jonesville. The lots fronted north on North Park avenue, a street eighty feet wide, and were bounded on the south and west by a 25 foot alley, and on the east by Ninth street. The city, without the consent of the owner of these lots, passed an ordinance vacating that portion of North Park avenue on which her lots fronted and also the alley on the west side of her lots, and at the same time granted to the defendant below, The Blackwell, Enid and Southwestern Railway Company, a right of way over said vacated street and alley. The railway company constructed its roadbed, laid its track, and operated its railway over the portion of North Park avenue directly in front of plaintiff's lots. The railway company excavated a cut about one foot deep for its roadbed in front of the lots owned by the plaintiff; these lots were used and occupied by the plaintiff for a home and had a dwelling house, barn, well, storm

cave, fence and trees thereon. The case was tried to a jury and verdict returned assessing damages in favor of plaintiff for $125.00. Judgment was rendered upon the verdict, and after proper motions and exceptions, the railway company brings the cause here for review.

The first contention of the plaintiff in error is: That the plaintiff's action was brought to recover damages for the obstruction of the street in front of her property, and that inasmuch as the city council had by ordinance vacated that portion of the street upon which plaintiff's lots abutted prior to its appropriation by the railway company, there was no street for the company to obstruct, hence the verdict was contrary to law and should have been set aside. We deem it a sufficient answer to this contention that the petition states the facts as they appeared in the evidence, although containing other averments, upon which the court permitted no proof, and claimed damages from the railway company for the alleged injuries. While the petition may be good upon one of two or more theories, the case was tried by both parties upon the theory that the measure of damages was the depreciation in the reasonable market or salable value of the lots owned by plaintiff, and that such depreciation, if any, was caused by the occupation of the strip of land in front of plaintiff's lot formerly dedicated for street purposes and used by the defendant for its railroad right of way, roadbed, track and other improvements. The instructions requested by the defendant, the railway company, and given by the court, confined the jury to the consideration of that one element of damages, and in answer to special questions submitted to the jury at the request of the defendant it

clearly appears that the only damages allowed was the difference between the reasonable market value of the property just before and immediately after the construction of the railway improvements in front of said lots. The case having been tried by the court and counsel upon a settled and specific theory and decided by the jury upon such theory: this court will not on appeal permit the defeated party to switch to another theory which may be more favorable to him, but will determine the case upon the theory presented to the trial court. *Overstreet, et al., v. Citizens Bank,* 12 Okla. 383 72 Pac. 379. Nor does it make any difference that the plaintiff sold the lots in controversy between the time of the alleged injury and the date of the trial. If there was any substantial depreciation in the salable value of her property it is to be determined as of the date of the appropriation by the railway company and the construction of its improvements, and a sale by her of the lots subsequent to the bringing of her action will not affect her right of recovery but at most could only go to the amount of damages.

The determination of this case must depend upon the decision of one controlling question. The material facts are not controverted. The defendant in error, Mrs. Gist, owned five lots in one tract, all fronting and abutting upon North Park avenue in the city of Enid. The title of the tract of land of which these lots and surrounding streets and alleys composed a part was obtained from the United States for townsite purposes and was platted and proved up as Jonesville, now and at the time of the acts complained of within the corporate limits and a part of the municipality of the city of Enid. The city council without making any provision for

compensation of persons injured thereby, by ordinance regularly enacted, vacated the portion of the street. North Park avenue, upon which Mrs, Gist's lots abutted and also the portion of the alley adjacent to her west line, and by the same ordinance granted to the railroad company, plaintiff in error, the right to use and occupy said vacated streets for its right of way, roadbed, tracks and other improvements. The railway company after the adoption of said ordinance went upon said vacated street in front of Mrs. Gist's lots and constructed its roadbed by making a cut about one foot deep and laid its tracks thereon and has since said time used and occupied that portion of the same for railway purposes. The decisive question is: Can Mrs. Gist recover from the railway company damages for the depreciation in value of her property, caused by the acts of the railroad company?

The contention of the plaintiff in error is: First, that the fee of the street was in the public; that the municipality has under our statutes absolute power and control over its streets and alleys and had the right to grant its use to the railway company, and having done this, the abutting owners are not entitled to any damages.

Second, That the city council by ordinance legally vacated the street, and that at the time the railway company constructed its improvements there was no street to obstruct at the place in controversy. Third: If the defendant in error had her ingress and egress obstructed by the railway improvements in front of her lots, that she had another open and unobstructed street adjacent to her lots on the east and is not entitled to damages so long as she is provided with one unobstructed means of ingress and egress. Some of

these contentions are sound and well taken; others are un-
sound and misleading.

The main question as well as the dependent ones, are
controlled substantially by statutory provisions, sec. 48,
chapter 12, art. 3, Wilson's Stat. 1903, relating to cities of
the first class in the original act, is as follows:

"The council shall have the power to open, widen, ex-
tend or otherwise improve any street, avenue, alley or lane;
to create, open and improve any new street, avenue, alley
or lane, and also to annul, vacate or discontinue the same,
or to grant to any other public use whenever deemed nec-
essary or expedient: Provided, that all damages sustained
by the citizens of the city or the owners of property therein
shall be ascertained as prescribed in section 59, and provided
further, that whenever any street, avenue, alley or lane
shall be vacated, the same shall revert to the owners of the
real estate thereto adjacent on each side, in proportion to
the frontage of such real estate, except in cases where such
street, avenue, alley, or lane shall have been taken and appro-
priated to public use in a different proportion in such case
it shall revert to the adjacent lots of real estate in proportion
as it was taken from them."

Section 59 referred to in the above is section 60, in art.
3, chapter 12, Wilson's Stat. 1903, and reads thus:

"Private property may be taken for public use or for the
purpose of giving the right of way or other privilege to any rail-
way company or for the purpose of establishing market houses
or market places, or for any other necessary purpose; but in
every case the city shall make the person or persons whose
property shall be taken or injured thereby, adequate com-
pensation therefor, to be determined by the assessment of
five disinterested householders of the city who shall be sel-
lected and compensated as may be prescribed by ordinance,

and who shall in discharge of their duties act under oath, faithfully and impartially, to make the assessment to them submitted: and in determining the same said householders shall consider the benefit resulting to, as well as the damages sustained by, the owner of the property so taken, except in condemnation of rights of way for private corporations. Appeals may be taken to the district court from the decision of such householders in the same manner and within the same time as from judgments of a justice of the peace. "

From these two sections it is clear that the city council has the power to vacate a street or to grant to any other public use when deemed necessary or expedient, but in every such case the damage sustained by the owners of the property in the city are required to be ascertained by the assessment by five disinterested householders of the city, who shall under oath, faithfully and impartially make the assessment of adequate compensation to the person or persons whose property has been taken or injured thereby.

By section 118, art. 9, chap. 18, 1 Wilson's Stat., 1903, subject, railway corporation, it is provided:

"If it shall be necessary, in the location of any part of any railroad, to occupy any road, street, alley, or public way or ground of any kind, or any part thereof, it shall be competent for the municipal or other corporation or public officer *or public authorities owning or having charge thereof and the railroad corporation, to agree upon the manner and upon the terms and conditions upon which the same may be used or occupied; and if said parties shall be unable to agree thereon, and it shall be necessary, in the judgment of the directors of such railroad corporation to use or occupy such road, street, alley or other public way or ground, such corporation may appropriate so much of the same as may be necessary for the purpose of such road, in the same manner*

*and upon the same terms as is provided in this chapter for the appropriation of the property of individuals."*

This section must be construed together with the sections relating to cities of the first class and prescribing the powers and duties of the city council. If the city council vacates a street or appropriates private property for the right of way of a railway company, it is required to make compensation as provided in section 60, *supra.* But if the railway is compelled to condemn its right of way over or across any public lands, highway or street, it must proceed in the same manner as is provided for condemning the right of way over the lands of individuals. By section 59, art. 3, chap. 12, same statutes, the city council is empowered to provide for passage of railways through the streets and public grounds of the city, also to regulate crossings of railway tracks and the running and speed of trains and engines.

Our legislature in enacting these statutes has recognized the greater right of the general public to have public highways and streets made subservient to railway purposes, and to have railroads operated upon and over the streets of cities; has conferred upon railway corporations the power of eminent domain over streets, highways and public grounds; has empowered the common council of a city to grant the use of its streets and alleys for railway purposes and also to vacate public streets or alleys when deemed necessary or expedient. But in every such case provision has been made requiring compensation to be made to the owners of property appropriated for public uses.

These statutory provisions hereinbefore referred to were either adopted or borrowed from the laws of Kansas, and the

supreme court of that state has had frequent occasion to interpret them, and in so far as the decision of that court relate to the interpretation or construction of these statutes. this court will adopt the decisions of that court, but we are not required to follow that court in its application of these provisions.

In actions to recover damages for appropriations of streets or parts of streets for public purposes, many of the courts have attempted to make a distinction between cases where the fee of the street is in the public and where the fee is in the abutting owner, and counsel for defendant in error insists upon this distinction as applicable to the case at bar. We do not deem this question as material or important. Such status affects more the remedy than the right. In either case the measure of damages is the injury to the owner of the abutting property as evidenced by a depreciation in the reasonable salable value of his property. Where a fee is in the public, the abutter has the right to a way for ingress and egress and to light and air, and these are appurtenances and constitute property which belongs to the owner of the abutting lots, and he cannot be deprived of them for public or other uses without adequate compensation. *Barney v. City of Keokuk, et al.* 94 U. S. 324, 24 Law. ed. 224, *Reining et al., v. N. Y. L. & W. R. Co.,* 128 N. Y. 157; *Bohm, et al. v. M. E. R. Co.* 129 N. Y. 576; *In re Mellon St.,* 182 Pa. 397; *Vanderburgh v. Minneapolis,* 108 N. W. 480, 6 L. R. A. (U. S.) 841; *Highbarger v. Milford,* 71 Kas. 331; *I. B. & W. Ry. Co. v. Eberle* 110 Ind. 542: *Decker v. E. S. & N. Ry. Co.* 133 Ind. 493; *Block v. Salt Lake Rapid Transit Co.* 33 Pac. 229, *Kaufman v. Tacoma etc. Co.,* 40 Pac. 137; *Hatch*

*v. Railroad,* 32 Pac. 1067; Hore Am. Const. Law, p. 376-377; Elliott on Roads and Streets, secs. 877-878; *Sackland v. North Mo. R. R. Co.,* 31 Mo. 180; *Knapp, Stout Co. v. Railroad,* 126 Mo. 26; *Sherlock v. Railroad,* 142 Mo. 172; *Corbey v. C. R. I. & P. Ry.* 159 Mo. 457; *Railroad v. Twine,* 23 Kans. 585; *Chicago v. Union Bld. Ass'n.,* 102 Ill. 379; *Rigney v. City of Chicago,* 102 Ill. 64; *C. N. & I. R. R. Co. v. Ayers,* 106 Ill. 511.

Referring again to the provisions of our statutes,—it is clear that the city council of a city of the first class is empowered to grant the use of its streets for railway purposes the weight of authority being to the effect that such use is not inconsistent with its use as a public street, and a street when dedicated to public use is charged with the superior burden of being used 'for the track of a railroad, and the operation of railroad trains and cars thereon, but such use is one to be exercised in common with the traveling public and consistent with the rights of abutting owners. The city has no power to grant an exclusive use, nor has the railway company the right to appropriate the exclusive use of the public streets. The city council also has the power to vacate a public street when in its wisdom the same appears to be necessary or expedient, but in order to regularly vacate a street, provisions should be made for ascertaining the damages to owners of property affected injuriously by such vacation. Upon the vacation of a street the portion of the vacated streets situated in front of the lots reverts to the adjacent lot owners This is the provision of the statutes and it has been upheld by the supreme court of Kansas in the cases of *A. T. & S. F. Ry. Co. v. Davidson,* 35 Pac. 787; *Showalter v. Southern*

*and upon the same terms as is provided in this chapter for* 470; *City of Bellville v. Hollowell,* 41 Kans. 192, 21 Pac. 105; *Challes v. Atchison, N. D. & R. Co.* 25 Pac. 894. And the abutting owners cannot be deprived of their property in the vacated street without just compensation.

In the case under consideration, the council of the city of Enid prior to the time the railroad company appropriated the land in dispute, passed its ordinance vacating North Park Avenue in front of Mrs. Gist's property. Immediately upon such vacation becoming effective the portion of the street in front of her lots to the center of the vacated street became her property; it was in the nature of an accretion to her lots and the city council could no more grant a right of way over that portion of her property than it could over that portion within the platted boundary lines of her lots. The municipality lost its control over it and it should not appropriate it to railway uses. Neither could it repeal the vacating ordinance and reinvest itself with control over the former street without making compensation to the abutting lot owners. *City of Bellville v. Hollowell,* 41 Kans. 21 Pac. 105.

It is also settled that the ordinance vacating North Park avenue was not void for failing to make provision for compensating the adjacent lot owners. *City of Bellville v. Hollowell, supra; Arnold v. Weiker.* 40 Pac. 901.

The defendant in error at the time the vacating ordinance was adopted took no steps to have her damages assessed. She may have been content to permit the street to become vacated and accept the accretion of the vacated portion of the street as full recompense for any inconvenience

occasioned by the vacation of the street and alley, and she cannot now be heard to complain of the action of the city. The railway company accepted the action of the council, entered upon the vacated portion of the street, appropriated it for its roadbed, right of way, tracks and railway uses, which is in the nature of a permanent appropriation; and it is now estopped from claiming that the oridnance vacating the street is not valid. The city parted with all of the interest of the public in said portion of the street upon taking this action; the portion fronting on Mrs. Gist's lots by operation of law attached itself to her property and became private property. The railroad entered upon and appopriated her private property and thereby became liable to her for any depreciation caused to the remainder of her property thereby. The jury upon the trial ascertained the amount of such depreciation and fixed it in their verdict, and judgment was rendered against the railway company for that sum. Under the facts presented by the record, the railway company will not now be permitted to say that it got only an easement over a public street which street has not been vacated and that it may escape liability upon the ground that Mrs. Gist has another open way of ingress and egress to and from her property.

Our conclusion is that the street was vacated; that the property in dispute became Mrs. Gist's private property and the railway company having appropriated it is liable in damages, and this disposes of all the other questions presented in the case except one. It appears from the evidence that after the railway company completed its roadway it pretended to deed back to the city all the claim, right or inter-

est in and to the strip of ground which has been used as an alley and vacated and certain portions of the abandoned street which the company had not used. This action was an aggravation rather than a mitigation. These strips had become the property of Mrs. Gist by the vacation of the street and the railway company was by their deed attempting to convey them to the city of Enid. This deed constituted no bar to the action, and if the jury gave the plaintiff in error any benefit from it they cannot be heard to complain.

The judgment of the district court is affirmed at the costs of the plaintiff in error.

All the Justices concur.