## BULLEN v ARKANSAS VALLEY & W. RY. CO.

No. 1886, Okla. T. Opinion Filed April 14, 1908.

(95 Pac. 476.)

1. **APPEAL— Review — Pleading — Amendment During Trial—Presumptions.** In an action where, after defendant filed a demurrer to plaintiff's evidence, plaintiff obtained permission of the court during the argument of counsel on the demurrer to amend his petition to conform to the proof, and where his request to amend specifically stated to what proof the petition was to be amended to conform, and the argument of counsel upon said demurrer is thereupon concluded, it will be considered on appeal, where such amendment was in furtherance of justice, and no motion was made by defendant to strike from the record the evidence to which said amendment was to make the petition conform, that such amendment was made, although the record does not disclose that it was filed.

2. **MUNICIPAL CORPORATIONS—Vacation of Streets—Rights of Abutting Owners—Construction of Ordinance.** An ordinance vacated certain streets of a city for the use of a railway company as its right of way and against public use and travel, except such streets as are otherwise excepted in said ordinance, and reserved the right of the public to travel over and across some of said streets, but not others. Held that, as to one of the streets not excepted and the right to travel over and across which is not

reserved to the public, it is vacated by said ordinance, and attaches itself in the nature of an accretion to the adjacent real estate in proportion to the frontage, and becomes private property of the owner of the adjacent property.

3.    SAME—Effect    of    Vacation — Appropriation — Compensation.
Whenever any street is vacated by the common council, the land embraced in said street at once attaches itself in the nature of an accretion to the adjacent real estate in proportion to frontage, and becomes private property, and cannot be taken for railway or other public purposes without just compensation being made to the owner thereof.

4.    EMINENT DOMAIN—Appropriation of Vacated Street—Damages.
Where a railroad company, after an ordinance has been passed vacating a street in a city, enters upon a strip of land formerly embraced in the street and appropriates the same, or any portion thereof, for its right of way, without the consent of the abutting landowner, such company is liable in damages for any depreciation in the value of the property not taken, by reason of such railway use and improvements.

(Syllabus by the Court.)

*Error from District Court, Noble County; before Bayard T. Hainer, Judge.*

Action by H. B. Bullen against the Arkansas Valley & Western Railway Company. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

*Doyle & Cress,* for plaintiff in error.
*Jas. B. Diggs* and *Flynn & Ames,* for defendant in error.

HAYES, J. The plaintiff in error, H. B. Bullen, brought this action against the Arkansas Valley & Western Railway Company in the district court of Noble county, Okla. T., to recover damages for the depreciation in the value of his property occasioned by the company's construction of its railroad beds and tracks in front of his lots and interfering with the use of them. Plaintiff alleges in his petition that he is the owner of lots 1, 2, 3, and 4 in block 46 of the original townsite of Perry, Okla.; that each of said lots is of the dimensions of 50 feet by 175 feet, and abuts upon the south side of A street, a public street in the city of Perry, Noble

county, Okla.; that defendant, without the consent of plaintiff, on or about the 1st day of October, 1903, erected a large fill in front of said property, and constructed in front of same a steam railway track, consisting of three tracks at a distance of about ten feet from the curb line of plaintiff's property, thereby wholly obstructing the means of ingress and egress to and from said property, and rendering it wholly unfit for the purpose for which plaintiff had been using it; that, by reason of such acts of the defendant, his property had been rendered practically valueless; and that plaintiff had been damaged in the sum of $7,200.

Defendant filed its answer to plaintiff's complaint, and the cause was tried before a jury. After plaintiff had introduced various witnesses to support his cause of action and rested his case, defendant interposed a demurrer to the evidence submitted by plaintiff. After counsel had proceeded with the argument on the demurrer, plaintiff was permitted by the court, without objection on the part of the defendant, to reopen his case for the purpose of offering proof to show that the street in front of his property had been vacated, and plaintiff, without objection on the part of the defendant, then offered in evidence Ordinance No. 415 of the city of Perry, Noble county, Okla. After counsel had again proceeded with the argument on defendant's demurrer for a time, plaintiff asked leave of the court to amend his petition to conform to the proof as to the vacation of the streets, and, without objection on the part of defendant, plaintiff was given permission by the court to so amend his petition; but the record in this case does not disclose that such amendment was ever made. The court sustained defendant's demurrer to plaintiff's evidence and entered judgment for the defendant for its costs, to which action of the court plaintiff excepted, and this case was taken by writ of error by plaintiff to the Supreme Court of the territory of Oklahoma, which court, on September 5, 1907, rendered judgment reversing the court below and remanding said cause to the trial court. Petition for rehearing was filed by defendant in error on Septem-

ber 18, 1907, and rehearing was granted by the Supreme Court
of the territory of Oklahoma, and this cause is before this court on
rehearing.

This court has reached the same conclusion that was reached
by the Supreme Court of the territory of Oklahoma, but, owing to
the fact that some matters on rehearing have been emphasized by
counsel for both parties in the case to an extent not emphasized
by them in the original hearing, we have found it necessary to re-
write the opinion in this case, but in part have adopted the opin-
ion and language of the Supreme Court of the territory of Okla-
homa, as announced by Mr. Chief Justice Burford.

The theory of plaintiff's case, as presented by the allegations
in his complaint and the evidence introduced upon the trial of
the case up to the time of the introduction of said ordinance, was
that A street was a public street in the city of Perry, and that the
defendant built its railroad tracks upon the street, and that plain-
tiff's right of action was for obstructing his means of ingress and
egress to and from his property, and that his injury consisted in
the depreciation in value of his property resulting from such ob-
struction of plaintiff's means of ingress and egress to and from
his property, and defendant in error insists that this was the sole
theory upon which the case was tried, and that no other issue was
presented by the pleadings in the case, and that plaintiff cannot
be permitted on appeal to shift the theory of his case to a differ-
ent one from that relied upon in the trial court. Such was the
theory of the plaintiff's case as set forth in the allegations in
his complaint and established by the evidence introduced up to
the time of the introduction of said Ordinance No. 415 of the
city of Perry, entitled "An ordinance granting to the Arkansas
Valley & Western Railway Company, its successors and assigns,
the right to use and occupy certain of the parks, streets and alleys
of the city of Perry, Noble county, Oklahoma Territory, and the
subdivisions thereof, and vacating certain of the parks, streets and
alleys of the city of Perry for the use and occupancy of the said

railway company, its successors and assigns, and fixing the manner, terms and conditions upon which the railway company, its successors and assigns, may use the parks, streets and alleys of the said city of Perry, and for other purposes." If the introduction of said ordinance for the purpose of showing the vacation of the streets, and the granting of the court to the plaintiff permission to amend his petition to conform to the proof as to the vacation of the streets, did not operate to present to the trial court the issue whether or not A street was vacated prior to the location and building by the defendant of its line of railroad upon the same, defendant's contention that plaintiff cannot rely, on appeal to the Supreme Court, upon the theory that said street was vacated, and the portion of the same abutting plaintiff's property thereby became the property of plaintiff, prior to the time the defendant company constructed its line of railroad, must be well taken, for it is well settled that, where a cause has been tried in the lower court upon a specific theory and decided upon such theory, the court on appeal will not permit the defeated party to present and rely upon another theory, which may be more favorable to him, but which was not presented to the trial court. *Overstreet v. Citizens' Bank,* 12 Okla. 383, 72 Pac. 379; *B., E. & S. Ry. Co. v. Gist,* 18 Okla. 516, 90 Pac. 889.

Defendant in error insists that the record shows that plaintiff did not amend his petition pursuant to his leave granted by the court to amend the same, and therefore the case went to final determination upon the original petition and upon the original theory that A street was not vacated, but was a public street at the time of the trial, and that the cause of action was for the obstruction of plaintiff's means of ingress and egress to and from his property. It is a general rule that permission to amend does not amount to an amendment, but the amendment must be actually made by either altering the pleading or by filing or serving a new one. 1 Ency. Plead. & Prac., p. 640. But under certain circumstances an amendment may be implied. In *Kelsey v. Chi-*

*cago & Northwestern Ry. Co.,* 1 S. D. 90, 45 N. W. 204, after the trial of the case had begun, the plaintiff offered evidence in support of the allegations in his complaint. Defendant objected to the evidence on the ground that the complaint did not state a cause of action. Plaintiff moved to amend his complaint, which motion was allowed over the objection of the defendant. The trial then proceeded. The record did not disclose that the amendment was ever made, nor did it disclose in what particular it was to be amended. Mr. Justice Bennett, speaking for the court, said:

"A motion was made to amend, but in what particular is not shown. The motion was allowed, but the record does not say positively that the amendment was made. The trial proceeding without further objection, it is not a violent presumption that the complaint was amended to show a good cause of action. The modern rule, and the generally prevailing principle to-day, is that all such amendments shall be made as may be necessary for the purpose of determining the real question or questions in controversy between the parties and administering justice."

Under a similar state of facts, in *Kuhn v. Gustafson,* 73 Iowa, 636, 35 N. W. 662, the court said:

"We are inclined to think that counsel understood that an amendment was filed, but whether this is so or not is immaterial. Counsel knew the ground on which the court made the ruling, and we think they should have called the attention of the court to the fact that the proper amendment was not filed, and therefore asked the court to strike out the evidence, and, as this was not done, the defendant cannot raise the objection that no amended petition was filed for the first time in this court."

It has been frequently held that where a leave to amend a pleading is granted by the court, and the contents of such amendment are suggested either by the court or by the parties asking leave to make such amendment, and the trial progresses as if such amendment had been made, it will be regarded that such amendment was made. *Underwood v. Bishop,* 67 Mo. 374; *Hines & Battle v. Wilmington & Weldon Ry. Co.,* 95 N. C. 434, 59 Am.

Rep. 250; *Dexter A. Ballou v. Wilbur H. Hill et al.,* 23 Mich. 60; *Johnston v. Farmers' Fire Ins. Co.,* 106 Mich. 96, 64 N. W. 5.

In *Maders v. Whallon et al.,* 74 Hun. 372, 26 N. Y. Supp. 614, the court adopts this rule in the following language:

"On this trial the objection was made, at the opening of the case, that the complaint failed to state a cause of action, and should for that reason be dismissed. The plaintiff thereupon moved to amend the complaint by inserting therein, after the words 'has no property,' the words 'and had no other property subject to levy and sale on execution at the time of or since the date of said conveyance, or since the rendition of the judgment.' The defendant duly objected to the allowance of the amendment, and the court overruled the objection, and allowed the amendment, to which the defendant excepted. It is now insisted that the complaint was not in fact amended, as the amendment does not appear in the complaint as incorporated in the judgment roll, and that the case, on this appeal, must be treated as if no amendment had been allowed by the trial judge. We cannot agree with the learned counsel in this contention, but we think we must treat the case the same as though the proposed amendment had been actually written in the complaint." (See, also, *Bank of Lindsborg v. Ober & Hageman,* 31 Kan. 599, 3 Pac. 324.)

In the case at bar, after the plaintiff had rested his case, and the demurrer to the evidence had been filed by the defendant, plaintiff obtained leave of the court to reopen his case for the specific purpose of introducing evidence to show the vacation of the street. Such leave was granted by the court without any objection of defendant, and, after the introduction of said Ordinance No. 415 by the plaintiff, leave was granted to plaintiff to amend his complaint to conform to the proof of vacation of the street. This action by the court was not objected to by defendant. If the ordinance presented shows a vacation of A street, it appears to this court that the language of the plaintiff and of the court at the time permission was granted to the plaintiff to amend his petition to conform to the proof, is sufficient to suggest clearly the nature of such amendment, and since, immediately after said permission was given to plaintiff to amend his petition, counsel

concluded their argument on the demurrer to the evidence, and the court sustained said demurrer without any motion on the part of the defendant to strike from the record the evidence tending to show a vacation of the street for the reason that plaintiff had failed to file his amended petition, it may be considered that the petition was amended in accordance with the permission granted by the court.

In his petition in error, plaintiff in error has made various assignments of error, but in his brief he has discussed and emphasized only the alleged error of the court in sustaining the demurrer to his evidence, and in rendering judgment for the defendant for its costs. Plaintiff in error insists that A street by virtue of said Ordinance No. 415 was vacated, and by virtue of its having been vacated that portion of the street upon which plaintiff's lots abutted to the center of said street by operation of law attached itself to the adjacent lots and became the private property of plaintiff. Defendant, on the other hand, contends that the effect of said ordinance is not to vacate A street, against public use and travel, but only for the purpose for which same is granted by said ordinance to the Arkansas Valley & Western Railway Company, and cites the case of *Tonkawa Milling Co. v. Town of Tonkawa,* 15 Okla. 672, 83 Pac. 915, as construing a similar ordinance, in which it is held that streets therein described are not vacated. The title of the ordinance construed in *Tonkawa Milling Company v. Town of Tonkawa, supra,* is as follows:

"An ordinance granting a right of way to the Blackwell & Southern Railway Company through the town of Tonkawa, Kay county, Oklahoma Territory, and for the purpose of such right of way, vacating certain streets, avenues and alleys in said town of Tonkawa."

Section 1 of said ordinance grants to the Blackwell & Southern Railway Company the right to construct, maintain, and operate its railroad, side tracks, and switches over and across certain streets, avenues, and alleys in the town of Tonkawa. Section 2.

under which it was claimed that said streets were vacated, reads as follows:

"That for the purpose aforesaid, the following streets, avenues and alleys of the said town of Tonkawa be and the same are hereby vacated.  *   *   *

In that case it clearly appears. from the title of the ordinance and from the language of the clause under which the vacation of the streets was claimed, that the vacation was limited for the purpose of a right of way for said company, and that it was not against the public use thereof, except that the use of the public should be subject to the right of the railroad company to use the same in operating its railroad, side tracks, and switches.

Section 1 of the ordinance in this case reads as follows:

"That the Arkansas Valley and Western Railway Company, its successors and assigns, are hereby granted the right to use and occupy certain streets and parks and alleys in the city of Perry and subdivisions thereof, for its main line of tracks in the city of Perry, and for its switches, side tracks, station grounds, buildings and all terminal facilities, and for the location of the industries connected with and adjacent to said railway and for all other railway purposes and for the right of way, and for such purposes the following parks, streets and alleys of the city of Perry, Noble county, Oklahoma Territory, as herein more particularly described, are hereby granted and dedicated as follows, to wit."

Then follows a description of the streets, parks and alleys, among which streets described is that portion of A street which lies in front of plaintiff's property. After concluding the description of the streets, parks, and alleys, it is provided in said section that the right of way therein granted and dedicated for said purposes over all of said parks, streets, and alleys through the city of Perry shall be 100 feet in width, except where a different width is shown by the map or plan of said railroad company. Thereafter in the same section appears the following language:

"All of said parks, streets and alleys as herein described of the city of Perry are hereby granted and dedicated to said Arkansas Valley and Western Railway Company, its successors and assigns

and the said railway company shall have and to its successors and assigns is hereby granted the right to use and to occupy all of said parks, streets and alleys and all of said parks, streets and alleys herein granted for its use and occupancy of the Arkansas Valley and Western Railway Company, its successors and assigns, are hereby vacated and shall remain vacated *against public use and travel* except such as are in this ordinance *specifically excepted."*

Section 4 of said ordinance names the streets, parks and alleys the right to use and occupy which is given by said ordinance to the railway company, over and across which the right of the public to travel is reserved; but the streets therein named do not include A street. The same section further provides that the public shall be allowed to travel upon and across said railway upon each of said streets named in said section, and that it shall be the duty of said railway company to provide a suitable place on each side of the tracks of the railway company anywhere the same crosses each of the streets named in said section for the crossing of vehicles and foot passengers over its main and side tracks. Section 6 reads as follows:

"Said railway company by its general solicitor shall file with the clerk of the city of Perry, within ten days after the passage of this ordinance, its acceptance of the term and conditions thereof and the same shall be and constitute a contract between the city of Perry and the Arkansas Valley and Western Railway Company, its successors and assigns, and shall operate as a dedication and grant to the said railway company of all the grounds, parks, streets and alleys herein granted and of the right of way, and right to use and occupancy of said grounds as in said ordinance granted for railway purpose and said parks, streets and alleys are hereby vacated and shall be and remain vacated for the use of said railway company and against public use and travel except as herein before provided for."

We have quoted all of the portions of the ordinance in which it is attempted to vacate any of the streets and alleys of the city of Perry. The language contained in the first section of which certain streets and alleys are vacated is different from the section of the ordinance in the case of *Tonkawa Milling Company v. Town*

of *Tonkawa, supra,* by which it was contended that certain streets and alleys were vacated. It is stated in said section of the ordinance in that case that the streets and alleys are vacated for the purposes aforesaid, to-wit, for the purposes of a right of way for the Blackwell & Southern Railway Company; but the language in section 1 of the ordinance in the case at bar is "and all of said parks, streets and alleys herein granted for the use and occupancy of the Arkansas Valley and Western Railway Company, its successors and assigns, are hereby vacated and shall remain vacated against public use and travel except such as are in this ordinance specifically excepted." The clause "herein granted for the use and occupancy of the Arkansas Valley and Western Railway Company, its successors and assigns," clearly was intended to and does limit and point out the streets and alleys that are to be vacated, rather than to designate the purpose for which they were to be vacated. This construction is supported by the language immediately following said clause to the effect that all of said streets are vacated against public use and travel except as are in the ordinance specifically excepted.

Section 4, which excepts certain streets, parks, and alleys from the operation of said language of section 1, does not except A street, and while section 4 reserves to the public the right to travel over and across certain of the streets, alleys, and parks named in section 1, it does not reserve any such right as to A street. It is apparent from section 4 that it is intended by the ordinance to place a limitation upon the vacation of certain streets, parks, and alleys made in section 1; but it does not place a limitation upon the vacation made in section 1. The fact that by a provision of section 4 the railway company is required to make crossings over its track on those streets, the right to travel over and across which it reserved to the public, and that no such requirement is made of the railway company as to A street and the other streets the right to travel over and across which is not reserved to the public, indicates that it was the intention of the city council to entirely vacate A street against the use of the public, while as

to the other streets the vacation was to be limited for the purposes of the right of way of the railroad company, and the right of the public to use the same to be reserved subject to the right of the railroad company to build its tracks upon said streets and operate its line of railroad thereon. Again, in section 6 of the ordinance, quoted *supra*, the language "and said parks, streets and alleys are hereby vacated and shall be and remain vacated for the use of said railroad company and against public use and travel except as herein provided for," supports the construction that some of the streets named in said ordinance were to be vacated only for the use of said railroad company, while others were to be vacated both for the use of the railroad company and against public use and travel.

The defendant in error in building its railroad track upon A street appropriated a part of the strip of land that attached to the lots of plaintiff in error and became part of his property after the vacation of A street. This fact brings this case within the rule announced in *Blackwell, Enid & Southwestern Ry. Co. v. Gist*, 18 Okla. 516, 90 Pac. 889. In that case the railroad company built upon a street that had been vacated. An abutting property owner brought suit for damages sustained by her from the depreciation in the value of her abutting property. Although no damages were sought in that action by the abutting property owner for the appropriation by the railroad company of any part of the strip of land that attached to her property after the vacation of the street, the court held that the railroad company was liable in damages for any depreciation in the value of the abutting property caused by the appropriation of a portion of the street that had been vacated which had attached itself to the abutting property and had become the property of the abutting property owner.

The action of the court sustaining defendant's demurrer to plaintiff's evidence was error, for which error this cause is reversed and remanded, with directions to grant a new trial.

All the Justices concur.