## ARKANSAS VALLEY & W. RY. CO. v. BULLEN.

No. 1052. Opinion Filed November 14, 1911.

Rehearing Denied December 5, 1911.

(119 Pac. 414.)

1. **MUNICIPAL CORPORATIONS**—Vacation of Street—Construction of Railway—Rights of Abutting Owners to Compensation. Whenever a street is vacated by a city council, the land embraced in said street at once attaches itself in the nature of an accretion to the adjacent and abutting lots in proportion to the frontage and becomes the private property of the adjacent and abutting lot owners; and, where a railway company after such vacation of the street constructs upon a portion thereof an embankment and railway tracks, it is liable to the abutting lot owner to whose lot the land taken became attached in the nature of an accretion for the value of the land taken and for the depreciation in the value of the remaining portion of his real estate not taken, resulting from the taking of a part, and for such damages as the lot owner actually sustains to his personal property by such appropriation of his land.

2. **SAME**—Eminent Domain—Remedies of Owners—Action for Value of Property—Instructions. It is error to instruct the jury in such case that they may allow as an element of damages for the obstruction of such lot owner's right of ingress and egress to and from his lots over said street.

(Syllabus by the Court.)

*Error from District Court, Noble County;*

*W. M. Bowles, Judge.*

Action by H. B. Bullen against the Arkansas Valley & Western Railway Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

*W. F. Evans* and *R. A. Kleinschmidt,* for plaintiff in error.

*P. W. Cress,* for defendant in error.

HAYES, J. This action was originally brought in the court below by defendant in error, hereinafter referred to as "plaintiff," against plaintiff in error, hereinafter referred to as the "railway company," to recover damages for the depreciation of the value of his property occasioned by the railway company's constructing its railway beds and tracks in front of his lot and interfering with the use of them. The cause has been before this court once before. *Bullen v. Ark. Val. & W. Ry. Co.,* 20 Okla. 819, 95 Pac. 476. The railway beds and tracks of the railway company from which plaintiff claims to have suffered his damages lie in and upon a strip of land formerly constituting a street in front of plaintiff's property. One of the points in controversy at the former hearing before this court was whether said street had been vacated. At that hearing, plaintiff contended that the street had been vacated by ordinance of the city council, and the land embraced therein had, prior to the construction of the railway, attached itself in the nature of an accretion to the adjacent real estate in proportion to the frontage. The railway company, on the other hand, contended that the street had never been vacated, but that it had been granted a franchise to construct its railway thereon by an ordinance of the city. The opinion and judgment of this court at that hearing sustained the contention of the plaintiff. After the case was remanded to the district court for a new trial, plaintiff filed a substituted petition, in which he alleges that he is the owner of certain lots in the city of Perry, each of which abuts upon the south side of A street, a public street in that city; and that he has for several years conducted upon his said lots a large and extensive lumber business for which purpose the lots are well adapted; and that said lots were on or about the 1st day of October, 1903,

reasonably worth the sum of $8,000. He alleges that, prior to said last-mentioned date, the city council of the city of Perry by an ordinance vacated said A street in front of his property; and that by reason thereof the street to the center became his property as an accretion to his lots abutting thereon. He alleges that on or about the 1st day of October, 1903, the railway company, without his consent, erected a large fill directly in front of his lots and in and upon the same and built in the street in front of his property and in and upon his property a steam railway, consisting of three tracks, the nearest of which is at a distance of about 10 feet from the former curb line of his property; that by reason of said obstructions he has been deprived of all means of ingress and egress to and from his property, rendering it wholly unfit for the purposes for which he had been using it.

The railway company by its answer denies all the allegations of plaintiff's petition, except such as are expressly admitted. It thereupon admits that the city of Perry by ordinance vacated that portion of the street in front of plaintiff's property; and that, before it constructed its road thereon, the land lying in said street to the center thereof in front of plaintiff's property attached to plaintiff's property in the nature of an accretion thereto. It admits the construction of its railway tracks upon a portion of said street that has become attached to plaintiff's lots, that the construction was wrongful, and that it is liable to plaintiff for his just damages.

There was a trial to a jury to ascertain the amount of damages. The jury found plaintiff's damages at $1,800. The only question presented for our determination in this proceeding arises upon an instruction given by the court to the jury, and upon instructions requested by the railway company but refused by the court, all of which bear upon the question of what the jury may take into consideration in ascertaining the amount of plaintiff's damages. The instruction given by the court and complained of is not free from ambiguity; but there is no controversy between counsel that it has the effect to authorize the jury in arriving at the amount of plaintiff's damages to take

into consideration as an element thereof the destruction by the railway company's lines of railway of plaintiff's right of ingress and egress to and from his property over said A street in front thereof. By instructions requested by the railway company and refused by the court, the court was asked, to instruct the jury that upon vacation of said street in front of plaintiff's lots said street became the private property of the owners of the adjoining lots; and that thereupon plaintiff had no right whatever to use same as a street for the purpose of ingress and egress to and from his lots; and that they should not allow plaintiff any damages, because of the obstruction of the street and interference with plaintiff's egress and ingress thereover to and from his property. We think the court committed error in giving the instruction objected to and in refusing the instruction requested involving this question. Whether, in the absence of special legislative provision, the vacation of a street is such injury to abutting lot owners for which they can recover compensation against the municipality, is a question upon which the authorities are divided. 37 Cyc. p. 192; 15 Am. & Eng. Encyc. of Law (2d Ed.) p. 402.

The question has never been directly determined in this jurisdiction; but the right to recover against the city is assumed in the reasoning of the court in *Blackwell, Enid & S. W. Ry. Co. v. Gist,* 18 Okla. 516, 90 Pac. 889. Assuming without deciding in this case that plaintiff had such a property right in the street as could not be destroyed by the vacation thereof by the city, without rendering the city liable to him for its damages, still we know of no theory upon which the railway company could be liable therefor. It received no right whatever in the street or in the land lying therein by reason of the vacation of the street. When the street was vacated, the land therein became the private property of the adjacent lot owners on each side in proportion to the frontage of their real estate. Section 688, Comp. Laws 1909; *Bullen v. A. V. & W. Ry. Co., supra.* The vacation of the street did not grant to the railway company any right to construct its lines of railway upon the lands lying in the vacated street any more than it authorized the railway

company to appropriate any of the other private property of the adjacent lot owners. In order to construct its lines of railway upon said land, it was necessary for it to purchase the same from the lot owners or to condemn it and pay as compensation therefor the damages assessed. The railway company took no property of plaintiff lying in the street, nor has it destroyed any right of his in a street; for, before it constructed its tracks and the embankments complained of, the street had ceased to exist. Not all of the railway tracks lie upon that portion of the vacated street that has become attached to the lots of plaintiff and become his property, but some of them lie upon the opposite side of the street on land that has become the private property of other adjacent lot owners. These lot owners are entitled to compensation from the railway company for the value of the land that has become their property by reason of the vacation of the street, unincumbered by any easement of plaintiff therein. It would be manifestly unjust to require the railway company to pay such owners the value of said land taken by it as unincumbered by any easement of plaintiff therein, and at the same time allow plaintiff to recover for a right of ingress and egress over same to and from his property. The damages which a real estate owner is entitled to recover for land taken by a railway company in the construction of its railway was held in *Blincoe v. C., O. & W. Ry. Co.,* 16 Okla. 286, 83 Pac. 903, and *A. V. & W. Ry Co. v. Witt,* 19 Okla. 262, 91 Pac. 897, 13 L. R. A. (N. S.) 237, to be the value of the land taken, the depreciation in the value of the real estate not taken resulting from the taking of a part thereof and the damages the owner sustains to his personal property by reason of such appropriation of his land. See, also, *Blackwell, Enid & S. W. Ry. Co. v. Gist, supra.*

It follows that the judgment of the trial court should be reversed, and the cause remanded.

TURNER, C. J., and DUNN and KANE, JJ., concur; WILLIAMS, J., not participating.