### BRADY v. STRAWN *et al.*

No. 5927.    Opinion Filed January 11, 1916.

Rehearing Denied February 29, 1916.

(155 Pac. 614.)

**JUDGMENT—Rendition—Pleadings.** S. commenced an action in ejectment against B., the petition being in the ordinary form. B. answered: (1) By general denial; and (2) that by force of various deeds of conveyance, he was and had been in adverse possession of the land in controversy, receiving the rents and profits therefrom for more than five years at the time S. took the deed under which he claimed title. Thereafter, after the cause had been tried to the court, both parties introducing their evidence and resting, the court took the same under advisement. While the cause was thus pending S. filed a motion to substitute C., his grantor, as plaintiff instead of the original

plaintiff. The motion set forth, as reasons therefor, that it appeared from the evidence introduced in the trial that at the date of the quitclaim deed by C. to S., the plaintiff, and ever since that time, the defendant B. had been in adverse possession of said land, claiming title, and for that reason S. could not recover in his own name. In due time this motion came on for hearing, and, the court indicating its intention to sustain it, the defendant asked leave to reopen the case and file answer "against C., showing that the proceedings in the county court of Wagoner county, through which C. procured his deed, were void, and that C. took no title to the land by virtue of such proceedings." The court entered an order granting plaintiff leave to file an amended petition within ten days, and defendant leave to file an amended answer within ten days thereafter. No amended pleadings were filed by either party, and no further action was taken in the case until several months thereafter, when the court rendered judgment for C., the substituted plaintiff, for all the land described in the petition. **Held,** reversible error.

(Syllabus by the Court.)

*Error from District Court, Okmulgee County;*
*Wade S. Stanfield, Judge.*

Ejectment by George W. Strawn against A. C. Brady, wherein J. C. Cassaver was substituted as plaintiff. Judgment for substituted plaintiff, and defendant brings error. Reversed and remanded.

*Frank F. Lamb,* for plaintiff in error.

*Robert F. Blair* and *W. W. Wood,* for defendants in error.

KANE, C. J. This was an action in ejectment, commenced by the defendant in error George W. Strawn, as plaintiff, against the plaintiff in error, A. C. Brady, as defendant, for the purpose of recovering possession of a certain tract of land situated in Okmulgee county. The petition was in the ordinary form prescribed by statute. The answer consisted:  (1) Of a general denial of all the

allegations of the petition not specifically admitted; and (2) of the allegation that by force of various deeds of conveyance the defendant had been in the adverse possession of the lands in controversy, receiving the rents and profits therefrom for more than five years, and was in the possession thereof at the time the plaintiff took the deed under which he claimed title, and by reason of such adverse possession the deed under which the plaintiff claimed title was void. There was no reply, but when the cause was reached, it was tried without objection as though a reply had been filed; and, after the evidence was all in, the trial court took the case under advisement. While the cause was thus pending, the plaintiff filed a motion to substitute J. C. Cassaver, his grantor, as plaintiff instead of the original plaintiff. The motion set forth as reasons therefor that it appeared from the evidence introduced in the trial that at the date of the quitclaim deed by Cassaver to the plaintiff, Strawn, and ever since that time, the defendant, Brady, had been in the adverse possession of said land, claiming title thereto, and for that reason Strawn could not recover in his own name. In due time this motion came on for hearing, and, the court indicating its intention to sustain it, the defendant asked leave to reopen the case and file answer—

"against J. C. Cassaver, showing that the proceedings in the county court of Wagoner county, through which Cassaver procured his deed, were void, and that Cassaver took no title to the land by virtue of such proceedings."

The court entered an order granting plaintiff leave to file an amended petition within ten days, and defendant leave to file an amended answer within ten days thereafter. No amended pleadings were filed by either party, and no further action was taken in the case until several

months thereafter, when the court rendered judgment for
Cassaver, the substituted plaintiff, for all the land de-
scribed in the petition.  It is this action of the trial court
upon which the first assignment of error is predicated.
Clearly, it was error to enter judgment for the substituted
plaintiff in the circumstances above detailed.

Counsel for plaintiff concede, in their motion to sub-
stitute Cassaver as plaintiff instead of the original plain-
tiff, Strawn, that the evidence introduced at the trial on
behalf of the defendant shows that at the date of the ex-
ecution of the quitclaim deed by Cassaver to Strawn under
which Strawn claimed the right of possession, Brady, the
defendant, had been in the adverse possession of said land,
claiming title thereto, and that for that reason Strawn
could not recover in his own name.  That such is the law
has been long settled in this jurisdiction.  *Houston v.
Scott*, 20 Okla. 142, 94 Pac. 512, 35 L. R. A. (N. S.) 721.
If we assume that Strawn had a right to amend his peti-
tion by substituting the name of his grantor, or to sue
and recover possession in his name, even without his con-
sent *(Gannon v. Johnston*, 40 Okla. 695, 140 Pac. 430,
Ann. Cas. 1915D, 522), still that would not authorize the
court to enter judgment in favor of Cassaver.  Counsel
for plaintiff do not pretend that they made any effort in
pursuance of the leave granted by the court to amend their
petition, but they contend that where leave to amend is
granted and the specific amendment desired is pointed out,
and the cause is proceeded with without objection, the
amendment will be regarded as having been made.  In sup-
port of this contention they cite *Bullen v. A. V. & W. Ry.
Co.*, 20 Okla. 819, 95 Pac. 476.

Further assuming that this is the law, and that it is
applicable to the situation above presented, we are con-

fronted by this condition: The plaintiff asked leave to amend his petition, pointing out the specific amendment desired, which leave was granted by the court, but no amendment was actually made. Thereupon the defendant asked leave to amend his answer by attacking the title of the substituted plaintiff, which leave was granted, but no amendment made. If the rule invoked by counsel for plaintiff is applicable to him, why is it not also applicable to the defendant? Now, if we regard the amendments in both cases as having been made, it is obvious that there is a clean-cut issue joined by the amended pleadings between the substituted plaintiff and the defendant, upon which neither party has had his day in court.

There are other errors argued by counsel for the respective sides in their briefs, but as a trial upon the issues joined by the amended pleadings may entirely change the legal aspects of the case, we do not deem it necessary to notice them at this time.

For the reasons stated, the judgment of the court below is reversed, and the cause remanded for a trial upon the issues raised by the pleadings as amended.

All the Justices concur.