THE TONKAWA MILLING COMPANY, *a corporation* v. THE TOWN OF TONKAWA, R. T. BROOK, JOSEPH FREEMAN AND WILL CRAWFORD.

(Filed September 6, 1905.)

1. MUNICIPAL CORPORATIONS—Real Property—Streets and Alleys An ordinance of a town incorporated under the laws of this Territory, granting to a railroad corporation the right to use and occupy its streets and alleys, under the provisions of section 1035, Statutes 1893, does not vacate such streets or alleys so as to allow the land to revert to the abutting lot owners.

2. SAME—City Ordinance Construed. The ordinance of the town of Tonkawa involved in this case, held to be an ordinance granting to the Blackwell and Southern Railway Company, the right to use and occupy the alley in question under the provisions of section 1035 Statutes 1893, and not an ordinance vacating such alley so as to allow the land to revert to the abutting lot owners.

3  PRACTICE—Estoppel Must be Pleaded. An estoppel must be pleaded in order to enable a party to avail himself of it on the trial and must be pleaded with particularity in order to constitute either a cause of action or defense.

(Syllabus by the Court.)

*Error from the District Court of Kay County; before Bayard T. Hainer, Trial Judge.*

*Tetirick & Rose.* for plaintiff in error.

*James B. Diggs,* for defendants in error.

Opinion of the court by

BEAUCHAMP, J.: This action was commenced in the district court of Kay county by the plaintiff in error against the defendant in error, for an injunction. The petition so far as necessary for an understanding of the issues, alleges that the plaintiff is a corporation; that the defendant, the

town of Tonkawa, is a municipal corporation, organized and existing under the laws of the Territory of Oklahoma. That on the 14th day of September, 1899, the defendant, town of Tonkawa, by and through its board of trustees enacted and passed an ordinance granting a right of way to the Blackwell and Southern Railway Company through the town, and for the purpose of such right of way vacated certain streets, avenues and alleys; a copy of the ordinance is set out and so far as necessary for the purpose of this case is as follows:

"ORDINANCE NUMBER 26.

"*An ordinance granting a right of way to the Blackwell and Southern Railway Company through the town of Tonkawa, Kay County, Oklahoma Territory, and for the purpose of such right of way, vacating certain streets, avenues and alleys in said town of Tonkawa.*

"Be it ordained by the board of trustees of the town of Tonkawa, Oklahoma Territory:

"Sec. 1. That there be and hereby is granted to the Blackwell and Southern Railway Company, its successors and assigns the right to construct, maintain and operate its railroad, side tracks and switches in the town of Tonkawa and over and across North Avenue, Sixth Street * * * * *in the town of Tonkawa, as the survey for the railway of the said Blackwell and Southern Railway Company is now located through, over and across the same * * * * * *.

"Sec. 11. That for the purpose aforesaid, the following streets, avenues and alleys of the said town of Tonkawa be and the same are hereby vacated, viz: * * * * * *"

Then follows a list of the streets and alleys vacated for the purposes mentioned, among them being the alley in question in this case.

That under and by virtue of the said ordinance, the alley in question was vacated; that plaintiff for a long time has

been the owner of lots 12 and 13 in block 19, abutting on said alley, also lot 10 abutting on said alley, and lateral therewith. That plaintiff had on lot 10 and other lots owned by it in that block lying immediately north of the said alley, its mill building and elevator, and that lots 12 and 13 were used by plaintiff for its mill office and drive way leading from the principal or main street of the town along lots 12 and 13, and across said alley to the plaintiff's mill and elevator, and is and has been for a long time the way of access to and from the mill and elevator by plaintiff and its customers and patrons; that after the vacation of said alley, and when the said alley had reverted by virtue of the said vacation to the adjacent lots, the plaintiff, then owning that portion of said alley which lay adjacent to its said lots, constructed therein a dirt driveway for the driving into and over the dump which plaintiff had, and which is constructed to and as a part of said elevator standing on said lot 10; that plaintiff's mill and elevator is standing on said lots, 5, 6, 7, 8, 9, and 10, and used in connection with said lots 12 and 13, and that portion of the said vacated alley which reverted to said lots adjacent thereto, and that all of said lots were of great value, to-wit: $10,000; that the said defendants unlawfully and wrongfully entered upon the plaintiff's said premises as described herein, and in which plaintiff was in lawful possession, use and occupancy, and that said defendants, did then and there on the 26th day of June, 1903, interfere with, obstruct and prevent plaintiff's occupancy and lawful use thereof, and did with teams, plows and scrapers, unlawfully and wrongfully enter upon plaintiff's said premises, and plow and scrape away the dirt roadway, which plaintiff had built, leading to his said grain elevator dump, and so tear away the same as to prevent the

driving of wagons upon said dump, and render the same wholly unfit for the use for which it was made and used by the plaintiff, and rendered it impossible for grain to be hauled by wagon into plaintiff's said grain elevator or to plaintiff's said flouring mill; that the defendants threaten to continue to obstruct, hinder, retard, molest and prevent the plaintiff from using and operating its said property and its part of said alley, and if permitted so to do will permanently injure and damage plaintiff to its great and irreparable loss, injury and damage; that plaintiff has no adequate remedy at law, and prays an injunction.

The defendants, town of Tonkawa, Joseph Freeman and Will Crawford, filed their answers and cross petitions setting out that no such ordinance as set out in the petition had ever been legally passed; that said ordinance had been repealed; that the defendants were the board of trustees of the town of Tonkawa, and were proceeding to remove said driveway under and by virtue of the authority of said town, and not otherwise. That the maintenance of said driveway across said alley was a public nuisance and that its further continuance by plaintiff be enjoined.

Defendant Brook filed an answer and cross petition alleging that said town of Tonkawa had been laid out into lots, blocks, streets and alleys, and that a map and plat had been filed as required by law and lots sold in reference to and reliance on said map and plat; that he was the owner of several lots in the block adjoining said alley and abutting thereon; that said lots were purchased by him with the special reference to said alley, and in reliance thereon has furnished a means of ingress to and egress from said lots so purchased; that the obstruction across said alley seriously interferes with

the proper use and enjoyment of his said lots, and greatly depreciates the value thereof; that said alley had never been condemned, and that no proceedings have ever been had for that purpose, and praying for an injunction against the plaintiff enjoining it from the continuance of such driveway.

To the answers and cross petitions of defendants, plaintiff filed replies in the nature of general denials and on the issues as thus joined, the cause went to trial in the court below.

The plaintiff proved that the ordinance set up in its petition was enacted and passed as alleged; that the plaintiff was the owner of the lots mentioned in its petition; that soon after the enactment of said ordinance a mill and elevator was built upon the lots, and a dump or driveway was constructed in said alley to afford ingress and egress for wagons loaded with wheat to and from said elevator; that said driveway was from three to five feet high.

That on the 25th day of June, 1903, the defendants plowed and scraped away the driveway constructed in said alley and rendered the same wholly unfit for use.

After the plaintiff had offered its evidence, the defendants demurred thereto, which demurrer was by the court sustained, and a motion for a new trial was filed, heard by the court, and overruled, exceptions duly saved by plaintiff in error, and he brings the case here upon petition in error and case made for review.

That portion of the alley in dispute was, never claimed, or used by the railway company as a right of way or for other purposes.

While there are several assignments of error presented and argued by plaintiff in error, the record presents but one question necessary for our consideration to a final disposition of this case.

If the ordinance in question wholly vacated that portion of the alley in question, then the plaintiff is right in its contention and the judgment of the district court should be reversed, but if the ordinance did not vacate that portion of the alley but merely granted to the railway company a right of way over the alley, then the judgment of the district court is correct, and should be affirmed.

Section 1035 Statutes of 1893, provided that:

"If it shall be necessary in the location of any part of a railroad to occupy any road, street, alley or public way or ground of any kind, or any part thereof it shall be competent for the municipal or other corporation or public officer or public authorities owning or having charge thereof, and the railroad corporation to agree upon the manner and upon the terms and conditions upon which the same may be used and occupied."

It seems clear to us that the town Trustees were simply exercising the powers and authority vested in them by this section of the statutes for the ordinance in express and unambiguous terms so provided. It is entitled:

"An ordinance granting a right of way to the Blackwell and Southern Railway Company through the town of Tonkawa, Oklahoma Territory, and *for the purpose of such right of way* vacating certain streets and alleys in the town of Tonkawa."

By section 1, the railway company is granted the right to construct, maintain and operate its railroad, side tracks and switches upon, over and across certain streets and alleys and by section 2, it is provided:

"That *for the purpose aforesaid,* the following streets avenues and alleys of said town of Tonkawa be and same are vacated, viz;" naming them, including the portion of the alley in question.

By the express terms and provisions of the ordinance it is clear that nothing more was intended or attempted by the town than to grant to the railway company a right of way over and across the streets and alleys named, and the right to the railway company to use and occupy the same for the purposes mentioned.

The power of towns to vacate streets and alleys is argued by plaintiff in error, and our attention directed to the statutes which authorizes municipalities through their proper officers to vacate streets and alleys, but as we view this case it is not a question of power, but what was in fact done or attempted to be done by the municipality.

As before stated we think it clear from the terms of the ordinance that the trustees were acting under the statute authorizing them to grant to the railway company the right to use and occupy the streets and alleys, and not under the statutes giving power to vacate streets and alleys, and allowing the land to revert to the abutting lot owners.

The alley in question never having been vacated so as to allow the land to revert to the abutting lot owners the plaintiff failed to show by its petition, or to prove title in it; therefore the petition did not state or the evidence prove a cause of action in favor of plaintiff.

It is argued by counsel for plaintiff in error in his brief that the defendants are estopped; no estoppel is pleaded, nor was there any evidence which would raise or tend to raise an estoppel; that the first suggestion of estoppel is in plain-

tiff's brief; there is nowhere in the pleadings of the plaintiff any suggestion that it relies upon an estoppel.

An estoppel must be pleaded in order to enable a party to avail himself of it on the trial, and must be pleaded with particularity in order to constitute either a cause of action or defense. (*Nickum v. Burkhardy* 30 Oregon, 464; *Bear v. Commissioners,* 121 N. C. 294; *Davis v. Davis,* 26 Cal. 23; *Dale v. Turne,* 34 Mich. 405; *Hammerslaugh v. Chatham* 84 Mo. 21; *Dwelling House Ins. Co. v. Johnson,* 47 Kans. 5; *Anderson v. Hubble,* 93 Ind. 570; *Independent School Dist. v. Merchants National Bank,* Supreme Court of Iowa, 27 N. W. Rep. 255; *Grey v. Pingrey,* 17 Vt. 419; *Warder et al v. Baldwin,* 51 Wis. 450.)

The part of the alley in question not having been vacated but being a public highway, the plaintiff was not warranted in constructing improvements in, or in anywise obstructing the use thereof by the public, and the town through its officers had the right to remove the obstruction complained of.

The judgment of the district court is affirmed, with costs to plaintiff in error.

Hainer, J., who presided in the court below, not sitting; all the other Justices concurring.