## CHICAGO, R. I. & P. RY. CO. *et al.* v. SPEARS.

### No. 1530. Opinion Filed March 12, 1912.

### (122 Pac. 228.)

1. **CARRIERS—Carriage of Live Stock—Limitation of Liability— Notice of Claim.** In the petition, damages having been claimed for delay in the shipment of cattle, to wit, $60 for four head that were dead at the time of the arrival of the shipment at the point of destination, $445 for damages for 30 head dying after the removal of the cattle from the cars, and $442 damages for depreciation in weight as a result of· delay, all of said damages having been predicated upon the alleged negligence of the defendant carrier, the carrier answered and pleaded as a bar to recovery a shipping contract, wherein it was agreed that the shipper should give notice, in writing, to certain designated agents of the carrier before such stock should be removed from the point of shipment or from the place of destination, and before such stock had mingled with other stock, and that such notice should be served within one day after the delivery of the stock at destination. No reply was filed to this answer. Motion was made for judgment on the pleadings in favor of the carrier. **Held**, properly overruled, because, as to the cattle that were dead on arrival, it was not essential to serve such notice, in order to recover for damages thereto.

    (a) Cattle that died in the car whilst in transit are not within said clause requiring said notice.

    (b) Such stipulation for notice is not to be strictly construed as against the shipper, but liberally in his favor, being intended to prevent frauds against the carrier.

    (c) When the shipper could not, by ordinary diligence, have discovered the injury, and its extent, before. the animals were

removed, notice thereof within such reasonably short time after their removal as effectually secures the carrier from fraud is a substantial and sufficient compliance with such stipulation for notice.

2. **APPEAL AND ERROR**—Pleading—Applicability of Instructions to Issues—Evidence—Admissibility Under Pleading. An instruction upon a material issue, not raised by the pleadings, when excepted to, is reversible error.

(a) Evidence predicated upon such issue, not raised, introduced over objection, on the ground that the same was incompetent, because no such issue had been joined, and the pleadings not having been amended to raise such issue, is improperly admitted.

(Syllabus by the Court.)

*Error from Stephens County Court;*
*W. H. Admire, Judge.*

Action by W. S. Spears against the Chicago, Rock Island & Pacific Railway Company and others. Judgment for plaintiff, and defendants bring error. Reversed and remanded, with instructions.

*C. O. Blake, H. B. Low, R. J. Roberts,* and *W. H. Moore,* for plaintiffs in error.

*E. E. Morris,* for defendant in error.

WILLIAMS, J. The defendant in error, as plaintiff, sued the plaintiffs in error, the Chicago, Rock Island & Gulf Railway Company, a corporation organized under the laws of the state of Texas, and the Chicago, Rock Island & Pacific Railway Company, a corporation organized under the laws of the state of Illinois, as defendants, declaring in part in his first amended petition that plaintiff "caused to be delivered to the defendant first named above at its station in North Ft. Worth, Tex., five cars of cattle consisting of 255 head, which said cattle then belonged to Henry Rowland and this plaintiff, W. S. Spears, to be securely and safely freighted and carried within a reasonable time from North Ft. Worth, Tex., to Terral, in the state of Oklahoma, and there delivered to the other defendant herein, the Chicago, Rock Island & Pacific Railway Company, and thence to be transported to Duncan, in said Stephens county, Okla., within a reasonable time, for

a reasonable reward to be paid by said Rowland and Spears." Then follows the allegation of the failure of said defendants to perform their duties as common carriers, and that, as a result of their negligence as such carriers, damage resulted to the plaintiff in the sum of $60, in that four head of said cattle were dead on their arrival at said point of destination; and, further, that 30 head died immediately thereafter, and that 221 head were greatly injured by reason of depreciation in weight and value on account of such failure to perform said duties, thereby damaging plaintiff in the further sums of $450 on account of the death of the 30 head of cattle, and the further sum of $442 on account of the depreciation in the weight and value of the said 221 head. Further, it is alleged that the said Henry Rowland had sold his interest in said cattle and the subject-matter of said action to the plaintiff, W. S. Spears.

In due time, the defendants answered said first amended petition by general denial; and, further, that it was provided in the contracts under which said cattle were shipped that, as a condition precedent to claim and recovery of damages for injury to or detention of live stock, or delay in transportation thereof, covered by said contract, the said W. S. Spears would give notice thereof in writing to some general officer, claim agent, or station agent of the defendant company before such stock should be removed from the point of shipment or from the place of destination, and before such stock had mingled with other stock, and that such notice should be served within one day after the delivery of stock at its destination. Said contracts were attached to said answer and made a part thereof, with the averment that the defendants had complied with the terms and conditions of said contract. No reply was filed to the answer. The defendants moved the court to enter judgment in their favor, on the ground that no reply had been filed to the answer, which was overruled and exceptions saved.

The purpose for such written notice of the claim for damages obviously was to give the railroad company an opportunity to make a thorough investigation before the cattle were removed and mingled with other cattle. As to the dead cattle, the company had as much opportunity to make such examination as it could

have had under any circumstances; and such cattle did not come within the terms of the contract, requiring notice of the claim of damages to be given before the cattle were removed from the car or cars. *Patterson et al. v. Missouri, K. & T. Ry. Co.,* 24 Okla. 747, 104 Pac. 31; *Wichita & W. Ry. Co. v. Koch,* 8 Kan. App. 642, 56 Pac. 538; *M., K. & T. Ry. Co. v. Fry,* 74 Kan. 546, 87 Pac. 754; *Kansas & A. V. R. Co. v. Ayers,* 63 Ark. 331, 38 S. W. 515; *C., C., C. & St. L. Ry. Co. v. Potts & Co.,* 33 Ind. App. 564, 71 N. E. 685. The defendants having pleaded the contracts, and the same being admitted, because no reply was filed, still they were not entitled to have judgment rendered in their favor upon the pleadings, because of the issue joined by the general issue as to the death of the four head of cattle and the value thereof. And for the same reason the court did not err in overruling the demurrer to the evidence interposed by the plaintiffs in error.

The plaintiffs in error also make the following assignment of error:

"The court erred in excluding competent, relevant, and material evidence, over the objections and exceptions of the plaintiffs in error, as will more fully appear by reference to the following, among other, pages of said case-made: 45, 49, 53, 57, 58, 59, 70, 71, 76, 81, and 82."

Rule 25 of this court (20 Okla. xii, 95 Pac. viii) provides:

"Where a party complains on account of the admission or rejection of testimony he shall set out in his brief the full substance of the testimony, to the admission or rejection of which he objects, stating specifically his objection thereto."

There is grave doubt as to whether plaintiffs in error have complied with the rules of this court in seeking to raise these questions; but we have examined the record, and we do not believe that any prejudicial error appears under this assignment.

It is further insisted that the court erred in refusing to permit Henry Rowland to answer the following question: "Q. Did you ever serve a written notice on the railroad station at this place?" The evidence shows that Henry Rowland was, at the time of the shipment, a joint owner with the plaintiff of the cattle in question; but that, prior to the bringing of this suit, he had disposed of his interest to the plaintiff. The evidence further shows

that he (Rowland) accompanied the cattle from North Ft. Worth to Duncan, and was, at all times prior to their removal from the railroad's car, the only person in a position to have given the notice required by the contracts.

Counsel for defendant in error, in their brief, assert that after the cattle were delivered at Duncan the defendant in error became the owner of whatever interest the said Henry Rowland had in said cattle, and that on October 25, 1907, thirteen days after the cattle arrived at Duncan, the defendant in error, W. S. Spears, himself put in a claim to the railway company for such damages. They further insist that the evidence shows that at the time said cattle were received it was then impossible to know the full extent of the injuries, and for that reason the notice was not then given, and that defendant in error was thereby excused from complying with the provision of the contract relative to notice. Such a state of facts, when proved to a reasonable certainty, would excuse the service of such notice.

In *Western Railway Co. v. Harwell,* 91 Ala. 347, 8 South. 651, it is said:

"The contract also contains a stipulation that, as a condition precedent to plaintiff's right of recovery, he must give written notice of his claim to the agent of the carrier from whom he receives the animals before they are removed from the place of destination or of delivery, and before they are mingled with other animals. Such a stipulation has been generally held to be reasonable, especially when the owner or his agent accompanies the stock, or agrees to do so, and to care for them. *Goggin v. Han. Pac. Railway Co.,* 12 Kan. 416; *Dunn v. H. & St. J. R. R. Co.,* 68 Mo. 268. But such conditions should not be strictly construed. The object is to prevent fraud on the carrier. When the shipper does not discover, and by ordinary diligence could not have discovered the injury, and its extent, before the animals are removed, notice thereof within such reasonably short time after their removal as effectually secures the carrier from fraud is a substantial and sufficient compliance with the condition. In *Ormsby v. U. P. Railway Company,* 2 McCrary, 48 [4 Fed. 706], it was ruled that such clause in the agreement is of no effect as to an illness occurring to animals, the extent of which could not have been known until after their removal from the car, and probably not for some little time after their arrival. The mules were delivered to plaintiff on

the 29th day of December, and removed to his lot, where the injury was discovered soon afterwards; and notice of the claim was given to the agent of defendant on the 4th day of January following. Whether plaintiff could, by ordinary diligence, have discovered the injury and the extent before removing the mules, and whether the notice of the claim was given within a reasonable time thereafter, are questions for the jury."

See, also, to the same effect, *Western Railway Company v. Harwell,* 97 Ala. 341, 8 South. 649.

In *Harned v. Mo. Pac. Ry. Co.,* 51 Mo. App. 482, it is said:

"Now, from the reading of the testimony in this case, it may be well claimed that the plaintiff gave every notice of his claim that ought reasonably to be expected. It is true that he did not serve the notice of his claim within 24 hours of the arrival of his bull at Kansas City; but at that time he could not, as he was unable to state his damages, or the extent thereof, if any. When the animal was landed at the Kansas City stockyards, plaintiff saw that he had been bruised; but it was days or weeks after before he was aware of the extent of the injuries. He might have believed, and did doubtless consider, the injuries merely external, and such as the animal might shortly recover from. But after reshipping the bull to Bunceton and caring for him for days and weeks maybe, the injuries were found of a serious and permanent nature; and it was then, as the evidence tends to prove, the plaintiff made demand for reparation. We do not think, then, that the circumstances of the case called for the bar of plaintiff's action, because he did not give the notice of his demand within the 24 hours after the stock arrived at its destination. And yet, more than this, it stands admitted that defendant's general claim agent did, within a few weeks, have written notice of plaintiff's claim, and made answer that the same was then being investigated, and that it would be settled on its merits. From this and the other facts in evidence, the jury were authorized to find that defendant waived the immediate notice stipulated in the contract, and the court's instruction in that regard was entirely proper."

See, also, *M., K. & T. Ry. Co. v. Davis,* 24 Okla. 677, 104 Pac. 34, 24 L. R. A. (N. S.) 866; *St. Louis & S. F. R. Co. v. Young,* 30 Okla. 587, 120 Pac. 999; *St. Louis & S. F. R. Co. v. Copeland,* 23 Okla. 837, 102 Pac. 104.

On February 13, 1908, the freight claim agent of the railway company wrote the attorney for defendant in error as follows:

"I have before me your communication of the 6th in reference to claim of W. S. Spears for damage to a shipment of cattle. This is covered by my claim number as above and I beg to advise that it has been very recently received in the office. It is my intention to have all communication answered and if you have written before regarding this, I regret that you have not yet received a reply. I wish to assure you that I have marked this claim special so that there will be no unnecessary delay in handling and you will be fully advised regarding final disposition as soon as the investigation warrants."

On March 7, 1908, the auditor of said railroad wrote as follows:

"Relative to the above claim filed by you on Jan. 17th account of W. S. Spears for $954.25 alleged damage to five cars of cattle from Fort Worth to Duncan: You state in your communication that the claim heretofore put in by Mr. Spears has not been heard from. From this I would infer that he filed the claim either with the agent at Duncan or direct with the C., R. I. & P. at Chicago. Will you kindly advise me with whom the claim was placed, also date filed and amount of claim, so that I may endeavor to get hold of the original investigation to be considered in connection with these papers."

In paragraph 3 of the general charge, the court instructed the jury that:

"* * * The notices mentioned in the contract are such provisions as might be waived upon the part of the defendant; and if you find from the testimony in this case, gentlemen of the jury, that, notwithstanding these notices are provided for in said contract, they (the defendants), or either of them, did anything in the way of looking towards a settlement of this claim, then, in that event, I instruct you that such acts on the part of the defendant would be a waiver of the notice and the time of bringing this suit, and, in this event, you should not consider the notices and conditions referred to in these instructions in making up your verdict; and in this connection you may consider the letters in evidence in this case, and give them such weight and credibility as you see proper in determining this question."

This instruction was submitted on an issue not raised by the pleadings. The evidence was also objected to on the ground that same was incompetent, because no such issue had been joined. This instruction, without considering its form, was reversible

error. *American Jobbing Association v. James,* 24 Okla. 460, 103 Pac. 670.

We neither mean to say that an issue that is not made by the pleadings may not be raised by the introduction of evidence, when such evidence is offered and admitted without objection, nor do we intimate that under a proper issue joined such letters are not competent to prove a waiver of such notice.

The judgment of the lower court is reversed and the cause remanded, with instructions to grant a new trial and proceed in accordance with this opinion.

All the Justices concur.