## ATCHISON, T. & S. F. RY. CO. v. LYNN & HUDSON.

No. 5868.   Opinion Filed January 18, 1916.

(154 Pac. 657.)·

1.  **CARRIERS—Shipment of Cattle—Pleadings—Issues—Evidence.**
    It is error for the court to allow · the introduction of evidence
    tending to support an issue not raised by the pleadings, where
    objected to on that ground.

2.  **INTERSTATE SHIPMENT CONTRACT—Waiver of Provisions.**
    **Quaere:** Under the rules of decision of the Supreme Court of
    the United States, in construing the Carmack Amendment (Act
    Cong. June 29. 1906, c. 3591. sec. 7, pars. 11, 12. 34 Stat. 584,
    595, amending Act. Cong. Feb. 4, 1887, c. 104, sec. 20, 24 Stat. 379,
    386. [U. S. Comp. St. 1913, sec. 8592]), can a waiver of the pro-
    visions of a contract for an interstate shipment of live stock.
    requiring notice in writing of any damage to the stock before
    their removal from the place of destination, etc., be shown in any
    other way than that named in the contract, viz.: "The written
    notice herein provided for cannot and shall not be waived by any
    person, except a general officer of the company and he only in
    writing"?

(Syllabus by Brewer, C.)

*Error · from County Court, Pawnee County;*
*Geo. E. Merritt, Judge.*

Action by Lynn & Hudson against the Atchison,
Topeka & Santa Fe Railway Company.   Judgment for
plaintiffs, and defendant brings error.   Reversed and re-
manded.

*Cottingham & Hayes* and *Geo. M. Green,* for plain-
tiff in error.

*Hayes & Cleeton,* for defendants in error.

Opinion by BREWER, C.   This is a suit for dam-
ages to a shipment of cattle from Pawnee, Okla., to Kan-
sas City, Mo.·  In the county court, to which the case·
was taken by appeal, the railway company, as defendant,

filed its answer of a general denial, and for a second defense set up a written contract, under which the shipment moved. Section 8 of said contract is as follows:

"That in order that any loss or damage to be claimed by the shipper may be fully and fairly investigated and the facts and nature of such claim or loss preserved beyond dispute and by the best evidence, it is agreed that as a condition precedent to his right to recover any damages for any loss or injury to his said stock during the transportation thereof, or at any place or places where the same may be loaded or unloaded for any purpose on the company's road, or previous to loading thereof for shipment, the shipper or his agent in charge of the stock will give notice in writing of his claim therefor to some officer of said company, or to the nearest station agent, or, if delivered to consignee at a point beyond the company's line, to the nearest station agent of the last carrier making such delivery, before such stock shall have been moved from the place of destination, or from the place of delivery of the same to the consignee, and before such stock shall have been slaughtered or intermingled with other stock, and will not remove such stock from such station or stockyards until the expiration of three hours after the giving of such notice, and a failure to comply in every respect with the terms of this clause shall be a complete bar to a recovery of any and all such damages. The written notice herein provided for cannot and shall not be waived by any person, except a general officer of the company, and he only in writing, nor shall any such damage be recoverable, unless written claim therefor shall be presented to the company within 91 days after the same may have occurred."

This was followed by an averment that the shippers, Lynn & Hudson, had wholly failed to comply with the above provision as to the matter of giving notice of any claim for damages, according to its provisions, and that in fact no claim in writing had ever been made for dam-

ages, loss, or injury to such stock to the defendant or any of its officers or agents, before such stock was removed from the place of destination, etc.     This answer was verified, and the cause went to trial on the bill of particulars and this answer, without any reply.

At the trial plaintiffs offered evidence which was intended to show a waiver upon the part of the railway company of the provision of the contract requiring notice. All this evidence was objected to on various grounds and for various reasons, including the one that the proof was not within the issues raised by the pleadings.     The evidence along this line tended to show that the company, some months after the delivery of the cattle, had received a claim for damages, and had given it a number, and had corresponded with plaintiffs concerning the same, and that a claim agent had talked with plaintiffs in an effort to settle the claim.     After the evidence was all in, the court, over the objection of the railway company, instructed the jury on the question of waiver.     This point is urged here for a reversal of the case, and it seems to us that it is well taken. As the pleadings stand, the execution of the shipping contract as alleged in the answer is admitted, and no plea of a waiver of its terms was made.     Therefore, as the case stood at the time of trial, it was incumbent upon plaintiffs to show a compliance with the terms of the contract relative to giving the notice as provided therein.     No issue of a waiver of the terms of the contract was presented; and when the evidence was offered, tending to show the same, it should have been refused, when objected to on the ground that it was not within the issues.

In the case of *Chicago, R. I. & P. Ry. Co. v. Spears,* 31 Okla. 469, 122 Pac. 228, this question was squarely

before the court, and Justice Williams in the opinion, after setting out the instruction of the court, submitting to the jury the question of whether or not a similar clause in the contract of shipment had been waived, said:

"This instruction was submitted on an issue not raised by the pleadings. The evidence was also objected to on the ground that same was incompetent, because no such issue had been joined. This instruction, without considering its form, was reversible error. *American Jobbing Association v. James*, 24 Okla. 460, 103 Pac. 670. We neither mean to say that an issue that is not made by the pleadings may not be raised by the introduction of evidence, when such evidence is offered and admitted without objection. * * *"

Of course, as suggested in the above quotation, if evidence of a waiver had gone in without objection the pleading might be considered as amended, so as to raise that issue; but, as has been pointed out, the proof that went in along this line was carefully objected to; and the specific reason of its inadmissibility pointed out: This error of the court requires a reversal of the case, and we, under the circumstances, shall not go into the question, strongly urged by the railway company, that a waiver of the provision of this contract, covering, as it does, an interstate shipment, could only be shown in the manner designated in the contract; that is to say, that it was made by a general officer of the company in writing. We feel inclined, and think our duty is best served, by leaving the question for the court proper to determine, as it would involve the harmonizing of some of our own cases with others, and with the views expressed in numerous cases by the Supreme Court of the United States, which in the

last analysis will be the final authority in this class of cases.

The case should be reversed and remanded.

By the Court: It is so ordered.