## FIDELITY MUT. LIFE INS. CO. OF PHILADELPHIA, PA., v. DEAN *et al.*

No. 6523.   ·Opinion Filed March 14, 1916.

Rehearing Denied April 5, 1916.

(156 Pac. 304.)

1.  **ESTOPPEL—Pleading—Issues.** In order to raise an issue of estoppel or waiver, such estoppel or waiver must be pleaded.

2.  **INSURANCE — Life Insurance Policy — Pleading — Estoppel — Waiver.** Where an estoppel or waiver is not pleaded, it is prejudicial error to admit evidence, if properly objected to, tending to establish such estoppel or waiver.

3.  **EVIDENCE—Documentary Evidence—Letters—Preliminary Proof of Receipt.** · Letters received by due course of mail cannot, upon proper objection, be legally admitted in evidence, without proof of their having been written by the party that said letters purport to have been written by.

(Syllabus by Collier, C.)

*Error from District Court, Ellis County;*

*G. A. Brown, Judge.*

Action by Anna Dean and others against the Fidelity Mutual Life Insurance Company of Philadelphia, Pa., a corporation. Judgment for plaintiffs, and defendant brings error.   Reversed and remanded.

*Harry C. Brownlee* and *Burwell, Crockett & Johnson,* for plaintiff in error.

*C. B. Leedy,* for defendants in error.

Opinion by COLLIER, C.  This is an action brought by the defendants in error against the plaintiff in error to recover upon an insurance policy issued July 29, 1912, upon the life of the father of the defendants in error. Hereinafter the parties will be designated as they were in the trial court.

The uncontradicted evidence is:  That for the premium for said policy a note was executed by the insured, due six months after date, in the sum of $44.89, which said note contained the following agreement:

"It is expressly agreed and understood that in the event of failure to pay the note at maturity the maker of this note shall be liable for its face value with interest from date, with all costs of collection, including attorney's fee of 10 per cent. as liquidated damages."

A receipt was issued to the said insured for the payment of said premium, upon the back of which was indorsed the following conditions:

"This receipt, to be valid, must have the signature of the president and treasurer of the company affixed, and must be countersigned by the authorized agent or collector at the time of the payment, as evidence of payment, to such agent or collector, and the amount specified herein must be actually paid; otherwise, this receipt and said policy shall be null and void.  It is understood and agreed that a protested check, or past-due note or obligation of any kind, is not payment, and that any obligation given in exchange for this receipt, when dishonored or not paid at maturity, shall render this receipt and said policy absolutely void."

It appears that said note became due December 22, 1912, that the insured died February 3, 1913, without having paid the note, and that proper proof of the death of the insured was made to the defendant.

The wife of the insured testified, without objection, that by due course of mail she, after the death of her husband, received two letters of the following tenor, to wit:

"OKLAHOMA CITY, OKLA., February 13, 1913.

"In re 235741. Mr. W. E. Dean, Stone, Oklahoma— Dear Sir: On January 27th I wrote to you about the report Mr. Seeton made on your collection. Kindly let me hear from you as to what you are able to do in the way of getting the money at Arnett. Your immediate reply will oblige, as we are holding the matter open until I can hear from you.     Yours truly,

"W. H. WATLINGTON."

And:

"OKLAHOMA CITY, OKLA., February 22, 1913.

"In re 235741. Mr. Wm. E. Dean, Stone, Okla.— Dear Sir: On January 27th, again on February 13th, I wrote you asking as to whether you were able to get the money at Arnett to pay the $22.45 you agreed with Mr. Seeton you would pay. We don't want to have to collect this by force or through an attorney, as that would mean a whole lot of annoyance, court costs, and other inconveniences to you, which can be easily overcome if you will only write us what you can do and will do. We want to do as justly as we can; but when you do not keep your promises, or write to us, we know nothing, and therefore have to resort to unpleasant means. I hope to hear from you not later than the 1st.

"Yours truly,

"W. H. WATLINGTON."

Said letters, against the objection and exception of the defendant, were admitted in evidence. There was also admitted, without objection, evidence tending to show that the defendant was notified of the death of the insured im-

mediately thereafter, and before the date of the letters admitted in evidence. Upon the conclusion of the evidence, the defendant demurred thereto, which demurrer was overruled and excepted to. By agreement the cause was tried to the court, and the following facts and conclusions of law found and concluded by the court:

"The court finds the facts to be that the note referred to in the pleadings, given for the first premium on the policy sued on, was for one year's premium from the date of the policy, to wit, the 29th day of July, 1912; that the note was not paid at maturity, and that the company, being the holder of the note, demanded payment thereof after its maturity; that the note is still retained in the possession of the company, and that after its maturity they sought to recover the value, or the full amount, of the note, and that the company has never offered to return the note or credit the same with any part of the unearned premiums; that proof of death of the insured was made and received and accepted by the company without any objection thereto, and without any denial of liability on the policy because of nonpayment of the note, or for any claim of forfeiture of the policy; and that the defendant at no time objected to the payment of the policy because of the previous forfeiture thereof, or for any nonliability, thereon, until the filing of the answer in this case on October 13, 1913.

"The court, therefore, determines the law to be that the provision in the policy and note sued on that the failure to pay the same at maturity worked a forfeiture of the policy was optional with the company, and that the defendant company, by reason of the facts above stated, waived said option, and that the plaintiff is entitled to recover the full amount of the policy, less the amount evidenced by the note sued on, with interest thereon; the plaintiff in open court conceding that the company is entitled to such interest to this date."

Judgment was rendered in conformity with the findings. Within the time provided by law the defendant filed a motion for new trial, which was overruled and exception saved, and this case brought here for review.

It was not shown in evidence that the letters were written by W. H. Watlington, or that said Watlington was the agent of and duly authorized to bind the defendant. Again, the effect of the letters was to establish an estoppel or waiver of the conditions ingrafted upon the note given for the premium, notwithstanding the plaintiffs did not plead an estoppel or waiver. As the question of waiver was not pleaded by plaintiffs, such issue was not within the issues formed by the pleadings, and said letters tending to prove such waiver, even had the proper predicate been laid for their introduction, should have been excluded, and the court committed prejudicial error in admitting such letters in evidence.

If plaintiffs desire to present the issue of waiver as part of their cause of action, they should amend their pleadings accordingly, and support such waiver by legal evidence. *American Jobbing Ass'n v. James*, 24 Okla. 463, 103 Pac. 670. In *Nance v. Oklahoma Fire Ins. Co.*, 31 Okla. 208, 120 Pac. 948, 38 L. R. A. (N. S.) 426, Mr. Justice Hayes says:

"He [plaintiff] introduced, over objection of defendant, evidence for the purpose of showing that this requirement of the policy had been waived. Evidence for such purpose was clearly incompetent, for it has often been held by this court that the doctrine of estoppel or waiver, in order to be availed of, the facts constituting the same must be pleaded."

See *Blakemore v. Johnson*, 24 Okla. 544, 103 Pac. 554; *Cooper v. Flesner*, 24 Okla. 47, 103 Pac. 1016, 23 L.

R. A. (N. S.) 1180, 20 Ann. Cas. 29; *Tonkawa Milling Co. v. Town of Tonkawa,* 15 Okla. 672, 83 Pac. 915; *Atchison, Topeka & Santa Fe Ry. Co. v. Lynn & Hudson,* 54 Okla. 701, 154 Pac. 657.

As the view herein expressed must necessarily work a reversal of this cause, we deem it unnecessary to review the other errors assigned.

This case should be reversed and remanded.

By the Court: It is so ordered.