# HARTFORD FIRE INS. CO. v. MATHIS.

No. 6723. Opinion Filed April 18, 1916.

(157 Pac. 134.)

1.  **INSURANCE — Actions — Issue and Proof—Waiver—Estoppel.** Where a cause of action is instituted upon a contract of insurance and it is claimed in the petition that proof of loss was furnished to the company as provided by the contract, evidence is improperly received, where it is objected to, seeking to establish a waiver or estoppel.

2.  **SAME.** A waiver should be pleaded by the one relying thereon.

(Syllabus by Hooker, C.)

*Error from District Court, Major County;*

*Jas. W. Steen, Judge.*

Action by L. Mathis against the Hartford Fire Insurance Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

*Scothorn, Caldwell & McRill,* for plaintiff in error.

*Jno. V. Roberts* and *J. J. Hughes,* for defendant in error.

Opinion by HOOKER, C. It is alleged in the petition in this case that on the 1st day of February, 1911, the plaintiff in error insured the property involved here in accordance with the terms and conditions of an insurance contract or policy set forth in the record in this case, and that, while said policy was alive and in full force and effect, the property insured was struck by lightning and totally destroyed to the injury of defendant in error in the sum of $1,200; that on the 15th day of September, 1913, this defendant in error furnished to the company proof of his loss and interest and otherwise performed all the conditions of said policy on his part; and it is further alleged that the plaintiff in error failed to pay said loss or any part thereof, and a judgment was sought against the company in the sum of $1,200 with interest. The answer of the company was a general denial.

It appears from an examination of the record that one of the stipulations of the insurance contract or policy existing between the parties here was as follows:

"In case of loss the assured shall forthwith give notice thereof to this company, and, as soon after as possible, furnish them a particular account of such loss, signed and sworn to by the assured, and by the assured only (except in case of death, and then by the legal representatives), stating when and how the fire originated, the exact nature of the title and interest of the assured, and of all others,

in the property, the cash value of each item thereof and the amount of loss thereon; and also stating all incumbrances on the property and all other insurance, whether valid or not, covering any portion of said property, and setting forth a copy of the written parts of all policies, and stating for what purpose any building herein described, and the several parts thereof, were occupied at the time of the fire; and shall furnish, if required, verified plans and specifications of any building destroyed or damaged."

The evidence in this case is very unsatisfactory and far from convincing that the injury complained of was caused in the manner and form claimed by the defendant in error; yet, inasmuch as there is some evidence to support this verdict, and the verdict of the jury having been approved by the trial court, under the established rule of this court, we do not feel disposed to disturb the verdict of the jury upon the question of damage, as not being sustained by any evidence, but other questions which are assigned as error demand the serious consideration of the court. It is contended that inasmuch as the defendant in error, in his petition in this cause, alleged that he had on the 15th day of September, 1911, furnished the plaintiff in error proof of loss and had otherwise performed all the conditions of the said policy on his part, which was denied by the plaintiff in error in its answer, it then became necessary for the defendant in error to establish by a preponderance of the evidence the allegations of his petition.

An examination of the record establishes that the defendant in error did not show that he had complied with this provision of the policy with reference to furnishing the plaintiff in error with a proof of loss in manner and form and within the time stipulated in the policy, or at

all, but he relied upon a waiver upon the part of the plaintiff in error whereby he sought to avoid said provision of the insurance contract. It is unnecessary to cite authorities upon the proposition that it was incumbent upon the defendant in error to furnish this proof of loss before he could maintain an action upon a contract of insurance unless the same had been waived by the company. And so the question here that is directed to this court is whether the defendant in error was entitled to introduce evidence showing a waiver upon the part of the company of the production of his proof of loss under the pleadings as they existed.

This court, in the case of *Fidelity Mutual Life Insurance Co. of Philadelphia v. Dean, ante,* p. 84, 156 Pac. 304, says:

"As the question of waiver was not pleaded by plaintiffs, such issue was not within the issues formed by the pleadings, and said letters tending to prove such waiver. even had the proper predicate been laid for their introduction, should have been excluded, and the court committed prejudicial error in admitting such letters in evidence. If plaintiffs desire to present the issue of waiver as part of their cause of action, they should amend their pleadings accordingly and support such waiver by legal evidence. *American Jobbing Association v. James,* 24 Okla. 436 [103 Pac. 670].

"In *Nance v. Oklahoma Fire Ins. Co.,* 31 Okla. 208, 120 Pac. 948, 38 L. R. A. (N. S.) 426, Mr. Justice Hayes says: 'He [plaintiff] introduced, over objection of defendant, evidence for the purpose of showing that this requirement of the policy had been waived. Evidence for such purpose was clearly incompetent, for it has often been held by this court that the doctrine of estoppel or waiver, in order to be availed of, the facts constituting the same must be pleased.' See *Bleakmore v. Johnson,* 24 Okla. 544, 103

Pac. 554; *Cooper v. Flesner,* 24 Okla. 47, 103 Pac. 1016 [23 L. R. A. (N. S.) 1180, 20 Ann. Cas. 29]; *Tonkawa Milling Company v. Town of Tonkawa,* 15 Okla. 672 [83 Pac. 915]; *A., T. & S. F. Ry. Co. v. Lynn,* 54 Okla. 701, 154 Pac. 657."

This court, in the case of *A., T. & S. F. Ry. Co. v. Lynn,* reported in 54 Okla. 701, 154 Pac. 658, says:

"At the trial plaintiffs offered evidence which was intended to show a waiver upon the part of the railway company of the provision of the contract requiring notice. All this evidence was objected to on various grounds and for various reasons, including the one that the proof was not within the issues raised by the pleadings. The evidence along this line tended to show that the company, some months after the delivery of the cattle, had received a claim for damages, and had given it a number, and had corresponded with plaintiffs concerning the same, and that a claim agent had talked with plaintiffs in an effort to settle the claim. After the evidence was all in, the court, over the objection of the railway company, instructed the jury on the question of waiver. This point is urged here for a reversal of the case, and it seems to us that it is well taken. As the pleadings stand, the execution of the shipping contract as alleged in the answer is admitted, and no plea of a waiver of its terms was made. Therefore, as the case stood at the time of trial, it was incumbent upon plaintiffs to show a compliance with the terms of the contract relative to giving the notice as provided therein. No issue of a waiver of the terms of the contract was presented; and, when the evidence was offered tending to show the same, it should have been refused, when objected to on the ground that it was not within the issues.

"In the case of *C., R. I. & P. Ry. Co. v. Spears,* 31 Okla. 469, 122 Pac. 228, this question was squarely before the court, and Mr. Justice Williams, in the opinion, after setting out the instruction of the court, submitting to the

jury the question of whether or not a similar clause in the contract of shipment had been waived, said: 'This instruction was submitted on an issue not raised by the pleadings. The evidence was also objected to on the ground that the same was incompetent, because no such issue had been joined. This instruction, without considering its form, was reversible error. *American Jobbing Ass'n v. James*, 24 Okla. 460, 103 Pac. 670. We neither mean to say that an issue that is not made by the pleadings may not be raised by the introduction of evidence, when such evidence is offered and admitted without objection. * * *'

"Of course, as suggested in the above quotation, if evidence of a waiver had gone in without objection, the pleadings might be considered as amended, so as to raise that issue; but, as has been pointed out, the proof that went in along this line was carefully objected to, and the specific reason of its inadmissibility pointed out. This error of the court requires a reversal of the case, and we, under the circumstances, shall not go into the question, strongly urged by the railway company, that a waiver of the provision of this contract, covering, as it does, an interstate shipment, could only be shown in the manner designated in the contract; that is to say, that it was made by a general officer of the company in writing. We feel inclined, and think our duty is best served, by leaving the question for the court proper to determine, as it would involve the harmonizing of some of our own cases with others, and with the views expressed in numerous cases by the Supreme Court of the United States, which in the last analysis will be the final authority in this class of cases."

In the instant case, the evidence introduced by the defendant in error seeking to establish waiver was duly and timely objected to by the plaintiff in error and the proper exceptions saved. From the foregoing authorities

it is clear that this case must be reversed, and it is unnecessary to consider the other assignments of error presented in the record.

This cause is therefore reversed and remanded.

By the Court: It is so ordered.