## EDWARDS v. SOVEREIGN CAMP, WOODMEN OF THE WORLD.

No. 8015—Opinion Filed Nov. 14, 1916.

(161 Pac. 170.)

### Insurance—Actions on Policies—Pleading—Waiver of Conditions.

A waiver of the conditions of an insurance policy, in order to be available to the beneficiary in an action thereon, must be specifically and distinctly pleaded; and, if not so pleaded, evidence thereof is not admissible at the trial.

(Syllabus by Burford, C.)

Error from District Court, Bryan County; Jesse M. Hatchett, Judge.

Action by Carrie Edwards (nee Holland) against the Sovereign Camp, Woodmen of the World, on an insurance certificate. From a judgment for defendant, plaintiff appeals. Affirmed.

Porter Newman and V. C. Phillips, for plaintiff in error.

Maxey & Brown, for defendant in error.

Opinion by BURFORD, C. Plaintiff sued upon a benefit insurance certificate issued to her former husband, in which she was named as beneficiary. The petition alleged compliance with the terms and conditions of the certificate. Defendant answered, denying generally the allegations of the petition, and further alleging certain breaches of the certificate and of the laws of the order applicable thereto. Plaintiff replied by a general denial of new matter. At the trial it clearly appeared that deceased was in default of dues upon the certificate for such a period that, by the constitution and laws of the order, made a part of the certificate by its terms, the certificate had lapsed. It also clearly appeared that under the applicable laws of the order reinstatement could be had only upon payment of the amount due and the delivery to the clerk of the camp of a written statement and warranty signed by the member, to the effect that he was then in good health and not addicted to the excessive use of narcotics or intoxicants. These matters were undisputed. There was dispute as to whether deceased had, subsequent to his suspension, paid his dues, but there was no dispute that he had not furnished the certificate as to health, etc. Plaintiff offered evidence tending to establish a waiver of this requirement by the local officers, acquiesced in by the Sovereign Camp. This was excluded, and a verdict for defendant directed. From the judgment rendered pursuant to such verdict, plaintiff appeals.

It does not seem to be necessary to pass upon the power of the officers to waive the delivery of the health certificate, inasmuch as plaintiff pleaded no waiver. It has been so often decided by this court that it should now be familiar law that a waiver must be pleaded by the party relying thereon, and, if not so pleaded, evidence to establish it is inadmissible. A few of such decisions by this court are: Hartford Fire Ins. Co. v. Mathis, 57 Okla. 332, 157 Pac. 134; Fidelity Mut. Life Ins. Co. v. Dean, 57 Okla. 84, 156 Pac. 304; A., T. & S. F. R. Co. v. Lynn, 54 Okla. 701, 154 Pac. 658; Modern Woodmen v. Weekly, 42 Okla. 25, 139 Pac. 1138; Nance v. Okla. Fire Ins. Co., 31 Okla. 208, 120 Pac. 984, 38 L. R. A. (N. S.) 426; Blakemore v. Johnson, 24 Okla. 544, 103 Pac. 554; Cooper v. Flesner, 24 Okla. 47, 103 Pac. 1016, 23 L. R. A. (N. S.) 1180, 20 Am. Cas. 29; Tonkawa Milling Co. v. Tonkawa, 15 Okla. 672, 83 Pac. 915.

Under these decisions the trial court was correct in excluding the evidence of waiver and without it, there being no dispute as to a breach of the terms of the certificate, he was also correct in directing a verdict.

Plaintiff also complains of the overruling of her motion for new trial, upon the ground of newly discovered evidence. Without reviewing the motion in detail, it suffices to say that it does not show any diligence exercised in securing the evidence said to be newly discovered, nor does it appear, in view of Exhibit B of the record, that it would avail plaintiff anything if introduced upon a new trial.

Judgment affirmed.

By the Court: It is so ordered.