## CLEM OIL CO. v. OLIVER et al.

No. 14987—Opinion Filed Dec. 30, 1924.

Rehearing Denied Jan. 27, 1925.

**1. Corporations—Venue of Actions Against —Place of Contract.**

Plaintiffs, who were residents of Washington county, Okla., entered into a contract in said county with the president of a corporation created by the laws of this state, whose principal office was in Osage county, Okla., for a commission for the sale of certain oil leases belonging to the defendant company; held, plaintiffs' cause of action or some part thereof arose in Washington county and the action was properly brought in such county, pursuant to the provisions of section 202, Comp. Stat. 1921.

**2. Estoppel—Waiver—Pleading and Proof.**

In order to raise an issue of estoppel or waiver such estoppel or waiver must be pleaded and an intention to make the waiver claimed should clearly be made to appear by the evidence.

**3. Payment—Debt Payable Where Creditor Resides.**

In the absence of an agreement upon the

subject, a debt is payable where the creditor resides.

**4. Appearance—Waiver of Defective Process by Answer Asking Affirmative Relief.**

A defendant who asks leave of the court to file a supplemental answer, which supplemental answer asks for affirmative relief, submits himself to the jurisdiction of the court so as to waive any defect in the service of summons, if in fact any such defect existed.

**5. Appeal and Error — Discretion of Trial Court—Amendment of Pleadings.**

The filing of amendatory and supplemental pleadings rests largely in the discretion of the trial court, and unless there is a clear abuse of discretion its ruling will not be reversed.

(Syllabus by Pinkham, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Washington County; H. C. Farrell, Judge.

Action by C. E. Oliver and J. W. Fierce against the Clem Oil Company. Judgment for plaintiffs, and defendant brings error. Affirmed.

Widdows & McCoy, for plaintiff in error.

Pennel & Harrison, for defendants in error.

Opinion by PINKHAM, C. On June 23, 1922, defendants in error, as plaintiffs, instituted this action in the district court of Washington county, Okla., against the plaintiff in error, for recovery of a commission alleged to be due them as brokers in the sale of certain oil leases belonging to defendant. The parties will be referred to as they appeared in the trial court.

Summons was issued to the sheriff of Osage county for service on defendant, Clem Oil Company, a corporation, and served on J. R. McCoy, president of said corporation, in Osage county. The defendant filed special appearance and motion to quash, which motion, on August 5, 1923, was overruled and defendant excepted. Defendant filed its demurrer to plaintiffs' petition, stating therein that the court had no jurisdiction of the person of the defendant, which was overruled and defendant excepted.

Defendant company filed its answer September 26, 1922, the answer not waiving its special appearance and motion to quash and objection to the jurisdiction of the court theretofore filed, and not waiving the grounds of the demurrer. The answer also contained a general denial and a plea of settlement for $5,000, and a payment of $250 on account thereof.

On November 27, 1922, defendant served on plaintiffs' attorneys notice of motion for leave to file supplemental answer alleging facts arising after the filing of the original answer. This motion was heard and application for leave to file supplemental answer denied, and defendant excepted.

On the trial of the case the employment of the plaintiffs, or at least one of them, to make the sale and that plaintiffs were the efficient cause of the sale were admitted, and only the amount of commission was disputed.

The testimony on behalf of the plaintiffs was to the effect that the agreement as to the compensation was to be "the usual and customary commission." The defendant's testimony tended to show that the amount of commission was to be left to the defendant, and that after the sale was consummated the parties reached an agreement of $5,000 as full compensation.

The jury returned a verdict for plaintiffs for $15,000. The amount for which the property was sold was $410,000. For reversal of the judgment two propositions are submitted and discussed in the brief of the defendant company: "First, that the court erred in overruling motion of plaintiff in error to quash service of summons."

The record discloses that the defendant company is a domestic corporation and has its principal office in Osage county, and its principal officers reside in Osage county.

Plaintiffs brought their action against the defendant in Washington county and the argument is that plaintiffs' right to bring the action in Washington county must arise, if at all, under the last clause of section 202, Comp. Stat. 1921.

The statute referred to reads as follows:

"An action, other than one of those mentioned in first three sections of this article, against a corporation created by the laws of this state may be brought in the county in which it is situated, or has its principal office or place of business, or in which any of the principal officers thereof may reside, or be summoned, or in the county where the cause of action or some part thereof arose."

It is contended that what is meant by the last clause of the statute above quoted was determined in the case of Consolidated Fuel Co. v. Gunn, 89 Okla. 73, 213 Pac. 750. In the case cited and relied upon, it appears that an order for coal was given in Canadian county to a traveling salesman of the defendant company, the coal to be delivered f. o. b. in Okmulgee county. The order was approved in Muskogee county and the

breach occurred in Okmulgee county. The court said in the opinion:

"The general rule is that a contract is deemed to be made at the place where the final assent is given (citing authorities). It is plain under the authorities considered that the contract was made in Muskogee county. It was in that county that the final assent was given and the negotiations between the parties became an effective agreement. It was there that the primary right of the plaintiff came into existence and the duty and obligations of the defendant became fixed toward the plaintiff."

The facts in the instant case are, we think, of an opposite character from the facts in the case relied upon. The record discloses, in the present case, that the plaintiff, Oliver, was in New York, and wired the defendant in Osage county, asking if it would sell the property in question and to fix the price. The defendant wired back that the property was for sale, naming the price. After the plaintiff, Oliver, returned from New York to his home in Bartlesville, Washington county, he received a telephone call from Mr. McCoy, president of the defendant company, from Tulsa, in which conversation Mr. McCoy informed Mr. Oliver that he was coming through Bartlesville on his way from Independence, Kan., and requested Mr. Oliver to meet him at the station in Bartlesville, where the Santa Fe train stops for about ten minutes. Pursuant to that request Mr. Oliver met Mr. McCoy at the station in Bartlesville, where they talked over the terms of employment for the sale of the oil property in question; and while at the trial the parties differed as to the amount of compensation that it was agreed Mr. Oliver was to receive for the sale of the property, it appears that the conversation at the station in Bartlesville, Washington county, was the only conversation ever had between the parties concerning the terms of the contract prior to the sale thereof by the plaintiffs.

The evidence discloses that the plaintiffs lived in Bartlesville during the entire proceedings and numerous letters, telephone conversations, and telegrams went in and out of Bartlesville between the plaintiffs and defendant company, with reference to the sale of the property.

The general rule is that where negotiations looking to the making of a contract are entered into by correspondence between persons living at a distance from each other, the contract is deemed to be made at the place where the final assent is given. (Denison v. Phipps, 87 Okla. 299, 211 Pac. 83.)

The record further discloses that there

was no agreement at any time as to the place where the commission was to be paid by defendant for plaintiffs' services, and it is clear that the defendant knew that the plaintiffs resided in Bartlesville, Washington county, the place where it is admitted the agreement for the payment of a commission was made by the defendant company to the plaintiffs for the sale of the oil leases in question.

"In general, a debtor who is indebted on a money obligation is bound, if no place of payment is specified in the contract, to seek the creditor, and make payment to him personally." 21 R. C. L. 15.

In 30 Cyc. 1185, it is said:

"In the absence of any agreement upon the subject a debt is payable where the creditor resides."

In People ex rel. v. District Court (Colo.) 203 Pac. 268, the Colorado Supreme Court said:

"In the absence of any agreement upon the subject a debt is payable where the creditor resides, and an action to enforce payment of money may be brought in the county where the creditor resides under Code Civ. Proc., sec. 29, providing that actions upon contracts may be tried in the county in which the contract was to be performed."

Tested by the rules announced by the authorities above cited, and in view of the plain language of section 202, supra, we think that both the primary right and the breach occurred in Washington county, and that plaintiffs' action was properly instituted in that county. The clear intent and purpose of the last clause of section 202, supra, was to permit a plaintiff to bring his action against a corporation created by the laws of this state in the county of plaintiffs' residence, provided his cause of action or any part thereof arose in such county.

It is further contended that inasmuch as the record shows that the plaintiffs made demand upon defendant for payment of their commission in Osage county, they therefore waived any right to treat the commission as payable (and the contract as breached) in Washington county.

It is settled law that in order to raise an issue of estoppel or waiver, it must be pleaded by the one relying thereon. Fidelity Mut. Life Ins. Co. v. Dean et al., 57 Okla. 84, 156 Pac. 304; Hartford Fire Ins. Co. v. Mathis, 57 Okla. 332, 157 Pac. 134.

In 40 Cyc. 262-263, it is said:

"An intention to make the waiver claimed should clearly be made to appear by the evidence; and the best evidence of intention

is to be found in the language used by the parties."

We think it sufficient to say that the question of waiver was not raised in the pleadings, and we observe nothing in the evidence that lends any support to this proposition. The defendant company's fifth assignment of error is that "The court erred in holding that it had jurisdiction over the plaintiff in error."

The record discloses that on November 27, 1922, the defendant appeared in the trial court and filed a motion for leave to file a supplemental answer. In this supplemental answer, which is incorporated in the record, the defendant set out certain grounds for a counterclaim against the plaintiffs for alleged negligence in preparing papers in a certain bond issue, a transaction which occurred prior to the sale of the oil leases in question, thereby invoking the jurisdiction of the court in behalf of the counterclaim.

In a number of decisions of this court, it is held that the request for affirmative relief or setting up of a counterclaim enters a general appearance of defendant regardless of a prior adverse ruling on the plea to the jurisdiction.

In the case of F. C. Austin Mfg. Co. v. Hunter, 16 Okla. 86, 86 Pac. 293, it is held in the first paragraph of the syllabus:

"Where one appears especially and objects to the jurisdiction of the court over his person, by reason of defective service of summons, and his objections are overruled, he may file his answer and proceed to trial, and he will not be deemed to have entered a general appearance by reason thereof, if his objections are meritorious. Chicago Bldg. & Mfg. Co. v. Kirby, 10 Okla. 730, 63 Pac. 966; Jones v. Chicago Bldg. & Mfg. Co., 10 Okla. 628, 64 Pac. 7. But where he, in addition to defending against the action of a plaintiff, files a cross-petition and asks for affirmative relief against the plaintiff, he thereby submits his person to the jurisdiction of the court for all purposes of the entire action, and thereby estops himself from questioning the jurisdiction of the court in the first instance."

See, also, Wm. Cameron & Co. v. Consolidated School District No. 1, 44 Okla. 67, 143 Pac. 182; Hamra v. Fitzpatrick, 55 Okla. 780, 154 Pac. 665; Shufeldt v. Jefcoat, 50 Okla. 790, 151 Pac. 595.

In Rogers v. Penobscot Mining Co., 28 S. D. 72, 132 N. W. 792, Ann. Cas. 1914A, 1184, it is said:

"A defendant by answering and counterclaiming voluntarily submitted himself to the jurisdiction of the court so as to waive personal service.'

The defendant's objection to the jurisdiction and his motion by special appearance to dismiss the plaintiffs' cause of action for the reason that the summons was served on the president of the defendant company in Osage county, were, we think, in the light of the admitted facts and the plain provisions of the statute (section 202, supra), properly overruled.

The second proposition submitted in the brief of the defendant company is that the court erred in overruling the defendant company's application to file supplemental answer. The defendant filed its motion for leave to file supplemental answer on November 27, 1922, and served notice on counsel for plaintiffs on that date that the defendant would present to the court and ask leave to file supplemental answer. The record shows that the case was set for trial on the 27th day of November, 1922, and that the supplemental answer was offered at the same time the case was called for trial.

It further appears from the record that the transactions set out in the supplemental answer all transpired prior to the events which gave rise to this action.

The statute which authorizes the supplemental answer, section 323, Comp. Stat. 1921, provides:

"Either party may be allowed on notice and on such terms as to costs as the court may prescribe to file a supplemental petition, answer or reply, alleging facts material to the case occurring after former petition, answer or reply."

The court in refusing to permit the filing of this supplemental answer did so "because of the fact that it attempts to set up as a counterclaim, damages growing out of a contract between C. E. Oliver and Clem Oil Company for preparing proceedings, agreement and bonds for a bond issue, a matter which has nothing whatever to do with the cause of action sued on between the parties in this action and does not arise out of the same contract."

"The filing of amendatory and supplemental pleadings rests largely within the discretion of the trial court, and, unless there is a clear abuse of that discretion, its ruling will not be reversed." Rogers v. Hodgson, 46 Kan. 276, 26 Pac. 732.

We think the matter set up in the supplemental answer was separate and distinct from the subject-matter involved in the instant case, and that it was not error to overrule defendant's application for leave to file the same.

The only question in the case, as we view

it, was as to the amount of compensation the plaintiffs should receive for their sale of these oil properties. There is no criticism of the instructions given or evidence introduced on the trial of the case. The only objections raised are as to a defective service of summons and that the defendant should have been allowed to plead a counterclaim.

There was a sharp conflict in the evidence over the question of what amount of compensation should be paid the plaintiffs for the sale of the property. This question of fact was properly submitted to the jury, and there being ample evidence to sustain their verdict and the judgment of the court thereon, we think the same should be affirmed.

Defendant in error in this case has asked for a judgment against the sureties on the supersedeas bond filed herein in the event the judgment of the trial court should be affirmed, it appearing that judgment herein was superseded by a bond on which the Fidelity & Deposit Company of Maryland was surety. Judgment is therefore rendered against the said surety on the supersedeas bond.

By the Court: It is so ordered.

Note.—See under (1) 14A C. J. p. 795; (2) 21 C. J. p. 1242, 40 Cyc. pp. 263, 267 [1926 Anno]; (3) 30 Cyc. p. 1185; (4) 4 C. J. p. 1341 [1926 Anno]; (5)5 31 Cyc. pp. 368, 500, 4 C. J. pp. 799, 802.